**Lawrence G. SCHELL, Appellant,**

**v.**

**TEXAS BANK & TRUST CO. et al., Appellees.**

**No. 7913.**

Court of Civil Appeals of Texas.

Texarkana.

March 11, 1969.

Rehearing Denied March 25, 1969.

Roy J. True, Dallas, for appellant.

John F. Maxfield, Stigall, Maxfield & Collier, Ronald M. Holley, Passman, Jones, Stewart, Andrews & Hunter, Dallas, for appellees.

DAVIS, Justice.

The opinion heretofore handed down is withdrawn and the following is substituted therefor.

The parties will be referred to as they were in the trial court.

Plaintiff, Lawrence G. Schell, sued defendants, Texas Bank & Trust Co., Carl J. Pruitt (an officer and employee of the bank), W. M. Wedell, Bob Davis Rambler, doing business as Mike's Plymouth, and Leroy Adair for the rescission and cancellation of a Deed of Trust note in the principal sum of $57,500.00 and a Deed of Trust Lien executed by plaintiff on a fifty (50) acre tract of land, both executed by plaintiff in favor of Defendant Bank; and, for exemplary damages because of alleged fraudulent representations that were alleged to have been made to plaintiff by defendant, Pruitt, an employee and officer of defendant Bank, and relied upon by plaintiff.

Defendant Bank filed a cross-action against plaintiff seeking a judgment on the Deed of Trust Note for principal, interest and attorneys fees in the total amount of $73,850.63, and for a foreclosure on the Deed of Trust Lien. Defendant, Wedell, filed a cross-action against plaintiff and defendants Bank, Pruitt and Adair. No relief was granted by the trial judge on the cross-actions.

The case was tried before a jury in September, 1967. The jury answered all the special issues, except one, in favor of plaintiff. The jury found that defendant, Pruitt, individually, did not owe plaintiff any exemplary damages. The jury found the defendant Bank owed the plaintiff $150,000.00 exemplary damages. The trial judge overruled the defendant's motion for judgment non obstante verdicto, disregarded the jury findings for exemplary damages against defendant Bank, and signed a judgment non obstante veredicto, disregarding the Deed of Trust Note and the Deed of Trust Lien *and ordered the property sold under the Deed of Trust Lien* to satisfy a judgment against plaintiff for $10,809.88. Plaintiff and defendants Bank and Pruitt excepted to this judgment and each gave notice of appeal to the Court of Civil Appeals.

Plaintiff is attempting to appeal from the judgment of the trial court denying him his exemplary damages. He *did not* file a motion for a new trial, (Rule 329b, Texas Rules of Civil Procedure). Therefore, he had until and including January 27, 1968, to file his appeal bond. Rules 354 & 356 T.R.C.P.

Defendant Bank filed an original motion for a new trial on January 5, 1968. This motion was overruled by operation of law on February 19, 1968. Rule 329b, T.R.C.P. The Bank was attempting to perfect its appeal from the judgment of the trial court denying it a judgment on the Deed of Trust Note and foreclosure of its Deed of Trust Lien. Defendant Bank *did not* file an appeal bond. Rules 354 & 356 T.R.C.P.

■ Plaintiff filed a written notice of appeal on February 28, 1968. He filed an appeal bond on March 11, 1968, attempting to perfect his appeal from the overruling as a matter of law of defendant Bank's motion for new trial. The appeal bond was filed too late.

■ The Transcript and Statement of Facts were filed in the Court of Civil Appeals on April 18, 1968. There is no showing in the record where an extension of time was granted in which to file the same in the Court of Civil Appeals. They should have been filed in the Court of Civil Appeals after December 28, 1967, and on or before February 26, 1968. Rule 386, T.R.C.P.

■ Defendant Bank is trying to present cross-points of error on its cross-action on the Deed of Trust Note and for foreclosure of the Deed of Trust Lien. A separate and different appeal than the one attempted by plaintiff. 4 T.J.2d, 183, Sec. 675. The defendant Bank in this case had to perfect its appeal by filing an appeal bond to present its cross-points of error. Rules 354 & 356 T.R.C.P.

■ Plaintiff is trying to take advantage of the tiem to file his appeal bond by

virtue of the motion for new trial filed by defendant Bank. We are unable to find any Statute, Decision, or Texas Rule of Civil Procedure that so provides. Peurifoy v. Wiebusch, Tex.Com.App., 1935, 125 Tex. 207, 82 S.W.2d 624; opinion adopted by Sup. Ct.; Neuhoff Bros. Packers v. Acosta, 1959, 160 Tex. 124, 327 S.W.2d 434; Oil Field Haulers Ass'n v. Railroad Commission, Tex.Sup.Ct.1964, 381 S.W.2d 183; Angelina County v. McFarland, Tex. Sup.Ct.1964, 374 S.W.2d 417; Horn v. Builders Supply Company of Longview, Tex.Civ.App., 1966, 401 S.W.2d 143, R. N.R.E.; Buttery v. Betts, Tex.Sup.Ct.1967, 422 S.W.2d 149.

This Court is without jurisdiction.

The appeal is dismissed.