Lawrence Wilbert CANNON and Christine R. Cannon, Plaintiffs–Appellants,

v.

VENTURE STORES, INC., Defendant–Respondent.

No. 52625.

Missouri Court of Appeals, Eastern District, Division Four.

Nov. 17, 1987.

Motion for Rehearing and/or Transfer Denied Dec. 31, 1987.

Application to Transfer Denied Feb. 17, 1988.

Thomas C. DeVoto, Wuestling & James, St. Louis, for plaintiffs-appellants.

Eugene K. Buckley, Evans & Dixon, St. Louis, for defendant-respondent.

CRANDALL, Judge.

Plaintiffs, Lawrence Wilbert Cannon and Christine R. Cannon, brought an assault and battery action against defendants, Venture Stores, Inc. (Venture) and its employee, John Bartis. At trial, plaintiffs dismissed their action against John Bartis. The jury returned a verdict for Venture.

Plaintiffs [1] appeal from the judgment entered pursuant to that verdict. We affirm.

Plaintiff first claims the trial court erred in sustaining Venture's objection to certain evidence plaintiff offered in his case in chief. Plaintiff, as the proponent of the evidence, is entitled to have the remaining evidence, and the reasonable inferences therefrom, construed in his favor on the issue of admissibility. We, therefore, summarize the facts in that light, notwithstanding the verdict in favor of Venture.

On December 20, 1978, plaintiff's 13–year–old daughter, T.C., went with a friend to a Venture Store. T.C. took some sweaters into a dressing room. She put the merchandise on under her own shirt and jacket. As T.C. attempted to leave Venture, she was apprehended by a security guard working for Venture. T.C. willingly accompanied the guard to the security office and returned the stolen merchandise.

When her father, plaintiff, discovered that T.C. was being detained, he immediately went to Venture. The security guard at the entrance of the store confirmed that T.C. was being held in the security office, and further, that plaintiff was not allowed back there.

Plaintiff then took a circuitous route through the store to the security office which was located past a stockroom door. Plaintiff knocked on the stockroom door and John Bartis, the security manager for Venture, answered. The security manager refused to admit plaintiff to the security office where the guard was questioning T.C. He indicated to plaintiff that plaintiff could see T.C. when they finished interrogating her. Plaintiff then heard his daughter scream. Plaintiff forced the door open and entered the hallway which led to the security office. A scuffle ensued between the security manager and plaintiff. Additional Venture personnel were summoned to subdue plaintiff. The local police department was also called. When the police

---

1. Christine Cannon's action against Venture is derivative to the cause of action of her husband, Lawrence Cannon. Although there are two plaintiffs in the present action, we hereinafter use the term plaintiff in its singular form in referring to husband to facilitate an understanding of the facts and issues on appeal.

arrived, plaintiff and T.C. were permitted to leave the store.

Plaintiff alleges that the trial court erred in refusing to admit two items of evidence. The first was a statement given to him by a cousin, who was a juvenile officer, regarding the rights of juveniles while under arrest. Plaintiff also requested that the court take judicial notice of the juvenile code and, in particular, Section 211.061 RSMo (1986). That statute provides that when a child is taken into custody, he shall be delivered or taken to the juvenile court or to a juvenile officer. Venture objected to the admission of these items of evidence on the basis of hearsay and relevancy, respectively.

Plaintiff claims his cousin's statement is not hearsay because it was not offered to prove the truth of the matter asserted. He argues that the statement goes to his state of mind at the time of the incident and to the reasonableness of his actions in forcing his way through the door. Plaintiff also claims that if the trial court had taken judicial notice of the statute pertaining to the juveniles, he would have been able to introduce evidence that the child was being detained illegally. Plaintiff alleges that evidence of Venture's illegal detention of T.C. was relevant to establish that he had "the right to go to the defense of his daughter."

Plaintiff introduced evidence of his understanding of his daughter's rights. He testified, without objection, that he told the security manager, "Don't you know that she's a juvenile and that an adult or parent should be present." With that statement in evidence, the only purpose of the testimony about what his cousin told him was to prove that plaintiff's understanding was correct. In other words, the evidence was offered to prove the truth of the matter asserted. Plaintiff's testifying about the cousin's statement was therefore hearsay.

In addition, the proffered evidence was clearly irrelevant to any of the issues in the case. "[A]n offered fact is relevant if it tends to prove or disprove a fact in issue, or corroborates evidence which is relevant and which bears on the principal issue.

Relevancy is that relationship between the offered fact and the fact in issue to such a degree that the truth of the offered fact makes probable the existence of the fact in issue." *Lawson v. Schumacher & Blum Chevrolet, Inc.,* 687 S.W.2d 947, 951 (Mo. App.1985) (citations omitted). In the instant case, even if the child was not being dealt with precisely according to the juvenile code, it has no bearing on the father's civil assault and battery action against Venture.

We acknowledge that if the Venture security guards had the right to arrest and to detain a juvenile for shoplifting on their premises, they had a concomitant obligation to comply with the juvenile code, in particular Section 211.061. Even if we assume that the security guards did not act in accordance with the juvenile code, that fact did not give plaintiff the right to break through the door. There were other legal options available to plaintiff. The alternatives open to plaintiff, however, did not include the right to engage in self-help to implement the juvenile code by force.

The gravamen of plaintiff's theory of the case was not based upon the violation of the rights of a juvenile. Rather, plaintiff's theory was the defense of his child, in which case evidence of defendant's failure to comply with the juvenile code was irrelevant to any issue. Under his evidence, plaintiff pushed his way through the door after he heard his daughter scream. The timing of his daughter's scream was disputed by Venture's security manager who testified that plaintiff forced the door open before plaintiff's daughter yelled. The jury could have believed plaintiff's testimony and concluded that plaintiff was attempting to defend his daughter against imminent bodily harm. In light of the defendant's verdict, however, the jury, in all probability, did not accept as true plaintiff's version of the incident. Under any theory of the case, plaintiff was not entitled to recover as a self-appointed policeman or judge enforcing the juvenile code. The trial court was correct in excluding the irrelevant evidence. Plaintiff's first point is denied.

In his second point, plaintiff asserts that defendant's three affirmative defense instructions should have been submitted in one disjunctive instruction for the single defense of justification. He argues that the repetitive nature of three separate instructions adversely prejudiced him: one for consent, one for self-defense, and one for defense of property. We note that plaintiff acknowledges he has no law on point.

We have reviewed the instructions in the record and find that they track the applicable MAI instructions for the various defenses. *See* MAI 32.08, MAI 32.10, and MAI 32.11. Further, there is nothing in MAI which prohibits giving separate instructions for the separate defenses raised. Plaintiff's second point is denied.

■ In his third point, plaintiff contends that the trial court erred in refusing to permit plaintiff's counsel to read to the jury from the police report. Plaintiff attempted to impeach Venture's security manager's testimony that plaintiff's daughter screamed after the altercation began with a prior inconsistent statement in the police report that she screamed before the altercation. In the instant case, however, the police report was not marked as an exhibit and was not offered or received by the court. The report, therefore, was not, in technical terms, evidence. *See, e.g., Smith v. Sayles,* 637 S.W.2d 714, 716 (Mo. App.1982). Plaintiff's third point is denied.

The judgment of the trial court is affirmed.

SIMON, P.J., and GRIMM, J., concur.