WILLIAM WEST, Plaintiff-Appellant, v. H.P.H., INC., Defendant (Robert H. Engler, Defendant-Appellee).

First District (6th Division)   No. 1—90—2407

Opinion filed April 24, 1992.—Rehearing denied July 21, 1992.

R.L. Huszagh, of Wheaton, for appellant.

Karen Fisher Di Monte and Ward P. Fisher, both of Fisher & Di Monte, of Chicago, for appellee.

PRESIDING JUSTICE EGAN delivered the opinion of the court:

This is an appeal from an order based on Supreme Court Rule 103(b) (134 Ill. 2d R. 103(b)), dismissing a complaint for the plaintiff's failure to exercise reasonable diligence in effecting service of summons before the expiration of the statute of limitations.

The plaintiff, William West, filed a two-count complaint. It was alleged in count I that the defendant, Robert Engler, struck the plaintiff in the face on July 24, 1984. In count II it was alleged that at the time the defendant struck the plaintiff he was intoxicated as a result of his consumption of alcoholic liquors which had been provided to him by another defendant, a dramshop. Summons were issued against both defendants. One set of summons was given to the sheriff of Du Page County for service on the defendant Engler at 227 Robin Lane, Wood Dale, Illinois, the address given by Engler to the police at the time of the occurrence. The dramshop defendant appeared, conducted discovery and entered into a settlement agreement with the plaintiff. An order was entered on or about March 15, 1989, dismissing all defendants with prejudice except the defendant Robert Engler.

On November 4, 1988, notice was sent to the defendant at 227 Robin Lane, Wood Dale, Illinois, that a motion for entry of a default judgment would be filed on November 21, 1988. On November 17, 1988, the defendant's attorney filed a special and limited appearance on behalf

of the defendant "for the sole purpose of contesting the jurisdiction of [the] court."

On January 18, 1989, a return of service was filed which showed that a deputy sheriff of Du Page County had served the defendant's sister, Leslie, age 17, at 227 Robin Lane, Wood Dale, Illinois, on December 17, 1984. On January 19 the plaintiff filed a motion for a default against the defendant.

On February 6 the defendant filed a motion to quash the purported service dated December 17, 1984. The motion alleged, in part, as follows:

"Notwithstanding the return of service, Engler did not reside at the residence located at 227 Robin Lane in Wood Dale, Illinois on December 17, 1984. Said address is the home of Engler's parents and was not Engler's abode. On December 17, 1984, Engler resided at 246 E. Monroe, Villa Park, Illinois.

Engler has never been served with process in connection with this cause. The court has failed to obtain jurisdiction over Engler and the return of service of summons should be quashed and held for naught."

On February 6 the court entered an order setting the case for an evidentiary hearing on the motion to quash on May 4. The plaintiff's attorney wrote to the Illinois Secretary of State to obtain the driving abstract for the defendant. After receiving the abstract showing the defendant's address as 17 West 230 Third Avenue, Bensenville, Illinois, the plaintiff had a private process server appointed, and the defendant was served on March 21, 1989, by substitute service on Linda Engler, the defendant's wife, at 17 West 230 Third Avenue, Bensenville, Illinois.

On May 4, 1989, an agreed order, prepared by the defendant's attorney, was entered which provided, in part, as follows:

"Defendant ENGLER now having acknowledged jurisdiction of this court by way of substituted service on March 21, 1989, verified proof of which has been or will be filed with this court; the parties being in agreement that the court has jurisdiction over Defendant ENGLER by way of the summons served on March 21, 1989, and the court being fully advised in the premises:

IT IS HEREBY ORDERED:

1) That the pending motions are withdrawn;

2) That ROBERT H. ENGLER is granted leave to file his answer or otherwise plead to the complaint within 14 days."

On May 18, 1989, the defendant filed a motion to dismiss in lieu of answer based upon Supreme Court Rule 103(b) (134 Ill. 2d R. 103(b)). The motion recited, in part, as follows:

"On the hearing date on the motion to quash, an agreed order was entered by this court in which jurisdiction of this court was recognized by way of the summons served on March 21, 1989. A copy of said order is attached hereto and incorporated herein as Exhibit 'D'.

The service of process allegedly made on ENGLER on December 17, 1984, was defective. From 1984 until 1988, no action was ever taken against ENGLER in this cause. The applicable statute of limitations had long since run. Plaintiff failed to make any reasonable attempts to diligently perfect service of process upon ENGLER. As soon as a second attempt to serve ENGLER was made, service of process was perfected but, in light of Illinois Supreme Court Rule 103(b), plaintiff failed to exercise reasonable diligence to obtain service prior to the applicable statute of limitations."

After a hearing the judge entered an order on October 20, 1989, granting the defendant's motion to dismiss, finding that the plaintiff had failed to exercise diligence as required by the supreme court rule. On July 20, 1990, the judge denied the plaintiff's motion to reconsider.

Both sides have cited several cases setting forth the appropriate criteria to be considered in determining whether a party has exercised reasonable diligence in effecting service before the expiration of the statute of limitations. (*E.g.*, *Segal v. Sacco* (1990), 136 Ill. 2d 282, 555 N.E.2d 719; *Schusterman v. Northwestern Medical Faculty Foundation* (1990), 195 Ill. App. 3d 632, 552 N.E.2d 1178; *Dupon v. Kaplan* (1987), 163 Ill. App. 3d 451, 516 N.E.2d 727.) We have determined that we need not discuss those cases because we have also determined that the trial judge accepted the defendant's unfounded assertion of fact, that is, that the defendant was not properly served on December 17, 1984. Acceptance of that unfounded assertion of fact rendered the judge's order erroneous.

The motion to dismiss was based solely on the defendant's claim that the plaintiff had failed to exercise reasonable diligence in effecting the second service, which was made on March 21, 1989. The defendant did not claim that the plaintiff did not exercise reasonable diligence in effecting the first service on December 17, 1984. Therefore, if the record establishes that the defendant was properly served on December 17, 1984, any lack of reasonable diligence in serving the defendant on March 21, 1989, is of no consequence; the second service would have been redundant.

■■ As a general rule, the sheriff's return should be considered *prima facie* evidence that the process was properly served upon the

defendant in person, and it should not be set aside unless the return has been impeached by clear and convincing evidence. (*In re Jafree* (1982), 93 Ill. 2d 450, 444 N.E.2d 143.) The general rule, however, does not apply in the case of substitute service. When a return on substitute service is challenged by affidavit, and there are no counteraffidavits, the return itself is not even evidence. (*Sullivan v. Bach* (1981), 100 Ill. App. 3d 1135, 427 N.E.2d 645.) But whether personal or substitute service is challenged, the plaintiff is entitled to at least a hearing to determine the validity of the service. In *Four Lakes Management & Development Co. v. Brown* (1984), 129 Ill. App. 3d 680, 472 N.E.2d 1199, the affidavit of the wife of the defendant asserted that on a date before the alleged service she and her husband had vacated the premises at which the deputy sheriff allegedly served her and her husband. The wife later testified *at a hearing* that the defendant, her husband, did not live at the service address. A deputy sheriff testified that the wife had told him that the defendant lived there. The appellate court affirmed the judgment of the trial court quashing service upon the defendant with this observation:

"While [the wife's] affidavit and testimony were impeached by the deputy's testimony that a person fitting her description told him [the defendant] lived there, the issue was one of fact resolved against plaintiff by the trier of fact ***. Its judgment was not against the manifest weight of the evidence and must be affirmed." 129 Ill. App. 3d at 685.

In contradistinction to that case, no hearing was held in the case before us. Indeed, the defendant withdrew the motion to quash. Consequently, insofar as the record is concerned, the service of December 17, 1984, stands as a valid one.

The defendant argues that by the entry of the agreed order of May 4, 1989, the plaintiff conceded that the service of December 17, 1984, was defective. The record is to the contrary, and no reasonable interpretation of the terms of the order itself supports a finding that the plaintiff had agreed that the first service was defective.

At the motion to reconsider, the defendant's attorney argued that the agreed order "was an implicit admission that there was not good service in November [*sic*] of '84." The court said, "The fact there was an agreed order entered having to do with the service in '89, which is an admission that there was not service in '84."

The plaintiff's attorney expressed disagreement with the defendant's attorney's argument and the conclusion of the judge. He insisted that he "got service in '84." At the hearing on the motion to reconsider, he pointed out that the agreed order "doesn't say that the plaintiff

agreed that there wasn't good service before." In his reply memorandum filed on the motion to reconsider, he said the following:

> "Since there has not been a determination that the service of defendant, Engler, made by substituted service on December 17, 1984, was not effective, this court should not dismiss plaintiff's suit under Supreme Court Rule 103(b)."

■ An agreed order should be tested under the same standards applicable to stipulations. A stipulation is an agreement and the court will look to the actual intention of the parties; like a contract, it must be clear, certain and definite in its material provisions. *Scott v. Dreis & Krump Manufacturing Co.* (1975), 26 Ill. App. 3d 971, 326 N.E.2d 74.

At the hearing on the motion to dismiss, the defendant's attorney said, "The agreed order which was entered explicitly conceded the defect in the December 17, 1984, service of summons." We disagree with that interpretation of the order. The order does not explicitly concede defective service in 1984. Indeed, the agreed order makes no mention of the previous service. When the parties said that they were "in agreement that the court has jurisdiction over defendant ENGLER by way of the summons served on March 21, 1989," they cannot be said to have agreed that the court did not have jurisdiction by way of the summons served in December 1984.

■ The defendant's attorney himself recognized that the plaintiff's attorney was attempting to "try to litigate a motion to quash, which is not what is pending before the court." Nothing in the plaintiff's argument could be construed as an acceptance of the defendant's contention that he had explicitly agreed that the service of December 1984 was defective. It is obvious to us that he agreed to the order because he believed that his subsequent service resolved any question of service or jurisdiction. Before a court may hold that a party has waived a legal position, the question of waiver must be free from doubt. We judge that the plaintiff did not waive the argument that the first service was proper.

For these reasons, we conclude that the complaint should not have been dismissed and that the order of dismissal must be reversed and the cause remanded for further proceedings consistent with this opinion.

Judgment reversed and cause remanded.

RAKOWSKI and LaPORTA, JJ., concur.