Timothy L. CHANDLER, Appellant,

v.

John C. HEMEYER, Sheriff of Cole County, Missouri, Respondent,

State of Missouri, Division of Liquor Control, Defendant.

No. WD 58700.

Missouri Court of Appeals, Western District.

July 17, 2001.

F. Randall Waltz, III, Jefferson City, for appellant.

William M. Tackett, Jefferson City, for respondent and defendant.

Before ELLIS, P.J., LOWENSTEIN and BRECKENRIDGE, JJ.

BRECKENRIDGE, Judge.

Timothy L. Chandler appeals the judgment of the trial court denying his petition for the return of seven coin-operated video game machines that were seized by the Cole County Sheriff's Department, and ordering forfeiture of the machines. Mr. Chandler raises four points on appeal. First, he claims that the trial court erred in ordering forfeiture because the correct procedures for forfeiture under § 542.301, RSMo 2000,[1] were not followed. Second, Mr. Chandler claims that the trial court erred in taking judicial notice of the jury's verdict in a criminal case against the owner of the establishment in which Mr. Chandler's video game machines were seized. Third, Mr. Chandler argues that there was insufficient evidence to support the trial court's finding that the video game machines were prohibited gambling devices required to be forfeited and that he knew the machines were being used to commit a felony. Finally, Mr. Chandler argues that the trial court erred by failing to require a guilty plea or criminal conviction before ordering forfeiture. This court finds that (1) the forfeiture motion and judgment complied with § 542.301; (2) Mr. Chandler waived his objection to the court's taking judicial notice of Ms. Garmen's criminal case file; (3) clear and convincing evidence supported the trial court's finding that Mr. Chandler's machines were subject to forfeiture under § 542.301.2; and (4) no guilty plea or criminal conviction is required before forfeiture can occur under § 542.301.2. The judgment of the trial court is affirmed.

**Factual and Procedural History**

On June 16, 1998, officers from the Cole County Sheriff's Department and agents from the Missouri Division of Liquor Control executed a search warrant at the Trails End Bar and Grill in Osage City. From the establishment, the sheriffs seized seven video game machines, $183 in cash contained in the video game machines, and two units of a functioning three-way intercom system. The video game machines were located in a room off of the dining room area of the bar.

Mr. Chandler, who was present during the execution of the search warrant, told the officers that the room in which the machines were found was his office. There were two doors to the room. One of the doors was from the outside back of the building, and the other door was behind a panel in the dining room. This second

---

1. All statutory references are to the Revised Statutes of Missouri 2000, unless otherwise indicated.

door was framed to look like a mirror in the dining room; however, when it was pressed upon, it opened into the room where the machines were found. In the room, there were chairs sitting in front of each of the machines, used ashtrays, mustard and ketchup containers on a table, and trash on the floor. One of the units of the intercom system was located in this room, and the other unit was located in the bar.

Mr. Chandler told the officers that he owned the video game machines. In fact, he was carrying the keys to the machines on his person. As the officers removed the machines from the establishment, Mr. Chandler told the officers that they had better not damage the machines because they were expensive.

Mr. Chandler was subsequently charged with the class D felony of promoting gambling in the first degree, in violation of § 572.030, RSMo 1994. The owner and operator of the bar, Sherri Garmen, was also charged by indictment with the class D felony of promoting gambling in the first degree. A jury convicted Ms. Garmen on June 17, 1999, and Ms. Garmen received a suspended imposition of sentence. The charge against Mr. Chandler was dismissed on December 13, 1999, by order of nolle prosequi.

The same day the charge against Mr. Chandler was dismissed, Mr. Chandler filed a petition for return of seized property against John C. Hemeyer, the Sheriff of Cole County. Mr. Chandler asked that the court order the Sheriff to return the seven video game machines, the money found in the machines, and the two units of the three-way intercom system. In response, on February 4, 2000, the Sheriff filed a counter-motion for forfeiture and an order to destroy seized property. In his counter-motion, the Sheriff alleged that the video game machines were gambling devices that Mr. Chandler was using in an illicit gambling enterprise, and thus were subject to being forfeited and destroyed.

The Division of Liquor Control then filed a motion to intervene, or in the alternative, a motion to preserve evidence. In its motion, the Division argued that it seized Mr. Chandler's video game machines jointly with the Cole County Sheriff's Department, and that a civil action before the Administrative Hearing Commission was pending against Ms. Garmen as the holder of the liquor license on the Trails End Bar and Grill. The Division contended that the machines were material evidence in the pending action against Ms. Garmen before the AHC. The court granted the Division's motion to intervene.[2]

The court held a hearing on Mr. Chandler's motion and the Sheriff's counter-motion on March 2, 2000. A deputy sheriff and a liquor control agent, both of whom participated in the execution of the search warrant at the Trails End Bar and Grill, testified on behalf of the Sheriff and the Division. Mr. Chandler did not present any evidence.

On May 9, 2000, the court issued its findings of fact, conclusions of law, and judgment. In its findings, the court took judicial notice of the court file in Ms. Garmen's criminal case, and the fact that the jury in that case found Ms. Garmen guilty of committing the felony of promoting gambling. The court then found that the evidence sufficiently established that the video game machines used to convict Ms. Garmen of the felony of promoting gambling were the same ones that were owned

2. The Division subsequently filed an answer and counterclaim in which it sought forfeiture and destruction of the video game machines.

The Division voluntarily dismissed its counterclaim, however, so it is not at issue in this appeal.

by Mr. Chandler and were the subject of the forfeiture action. The court further found that the evidence sufficiently established that Mr. Chandler knew that the video game machines were being used to commit the felony of promoting gambling. Based upon this evidence, the court denied Mr. Chandler's petition for the return of the seized property and ordered the machines forfeited pursuant to § 542.301. The court further ordered that the Sheriff deliver all seven of the video game machines to the Division so that the machines could be used as evidence in the civil action against Ms. Garmen which was pending before the AHC. Mr. Chandler filed this appeal.

## Standard of Review

■ Appellate review of this case is governed by *Murphy v. Carron*, 536 S.W.2d 30 (Mo. banc 1976). The decision of the trial court must be affirmed unless there is no substantial evidence to support the decision, the decision is against the weight of the evidence, or the decision erroneously declares or applies the law. *Id.* at 32. As in any court-tried case, this court defers to the trial court's factual findings, as the trial court is in a superior position to determine the credibility of witnesses. *Custom Muffler and Shocks, Inc. v. Gordon P'ship*, 3 S.W.3d 811, 817 (Mo. App.1999). The evidence and all reasonable inferences drawn therefrom must be viewed in the light most favorable to the trial court's judgment, and all contrary evidence and inferences must be disregarded. *Id.*

## The Forfeiture Motion and Judgment Complied With § 542.301

■ In his first point, Mr. Chandler argues that the trial court erred in ordering forfeiture of the seven video game machines because the motion for forfeiture and the order of forfeiture did not comply with § 542.301. Determining compliance with this statute requires this court to interpret several of the statute's provisions. When interpreting a statute, courts are to "ascertain the intent of the legislature from the language used and give effect to that intent, if possible, and to consider the words used in their plain and ordinary meaning." *Butler v. Mitchell–Hugeback, Inc.,* 895 S.W.2d 15, 19 (Mo. banc 1995).

The court ordered forfeiture of the seven video game machines pursuant to § 542.301.2, which provides, in pertinent part, that "devices ... used by the owner or with the owner's consent as a means for committing felonies ... shall be forfeited to the state of Missouri." Mr. Chandler claims that this section requires that a forfeiture motion be filed in the name of the State of Missouri, and that the forfeiture motion in this case was improperly filed in the name of the Sheriff. The Sheriff's motion for forfeiture was filed as a counter-motion in response to Mr. Chandler's motion for return of seized property. Mr. Chandler's motion for return of seized property was filed pursuant to § 542.301.3, which provides, in pertinent part, that "[a] motion may also be filed by any person claiming the right to possession of the property praying that the court declare the property not subject to forfeiture and order it delivered to the moving party."

In answering Mr. Chandler's motion, the Sheriff filed a counter-motion for forfeiture and an order to destroy seized property. The Sheriff's counter-motion, like Mr. Chandler's motion for return of seized property, was made pursuant to § 542.301.3. The portion of this statute applicable to the Sheriff's counter-motion provides:

The officer who has custody of the property shall inform the prosecuting

attorney of the fact of seizure and of the nature of the property. The prosecuting attorney shall thereupon file a written motion with the court with which the motion to suppress has been, or may be, filed praying for an order directing forfeiture of the property.

Contrary to Mr. Chandler's assertions, there is nothing in this statute requiring that the prosecuting attorney file the forfeiture in the name of the State of Missouri or any entity in particular, only that the prosecuting attorney file a motion for forfeiture after the seizing officer informs the prosecuting attorney of the fact of seizure and the nature of the property. Here, the Cole County Prosecuting Attorney, at the request of the Sheriff, the seizing officer, filed the motion asking that the court order the seven seized video game machines forfeited. Thus, the Sheriff's motion for forfeiture in this case complied with the plain language of the statute.[3]

■ Mr. Chandler's second claim in this point is that the trial court's judgment did not comply with § 542.301.2, because the trial court did not order the seven video game machines forfeited to the State of Missouri. In its judgment, the court ordered the property forfeited and delivered to the Missouri Division of Liquor Control for use in its civil administrative proceeding against Ms. Garmen. The Missouri Division of Liquor Control is a state agency whose purpose is to enforce the provisions of Missouri's liquor control law. Sec-

tion 311.610. Thus, by ordering that the forfeiture of the seven video game machines be to the Division, the court was, in effect, ordering that the machines be forfeited to the State of Missouri. Mr. Chandler's first point is denied.

### Objection to Judicial Notice of *State v. Garmen* File Waived

■ In his second point, Mr. Chandler claims that the trial court erred in taking judicial notice of the court file in the criminal case against Ms. Garmen. In its findings of fact, the trial court stated that, at the request of the Sheriff and the Division, it took judicial notice of the court file in the case of *State v. Garmen,* CR198–188F. The court found that the verdict form and the verdict director contained in the file reflected that the jury found Ms. Garmen guilty of the felony of promoting gambling in the first degree. Based upon Ms. Garmen's felony conviction, and the court's finding that Mr. Chandler consented to Ms. Garmen's use of his machines to commit a felony, the court concluded that the machines were subject to forfeiture under § 542.301.2.

■ Courts are permitted to "take judicial notice of their own records in other prior proceedings." *State ex rel. Callahan v. Collins,* 978 S.W.2d 471, 474 (Mo.App. 1998). Nevertheless, "when the record in another case forms an essential element of a party's claim or defense, the record itself must be introduced in evidence, absent an admission of its contents by the opposing

---

**3.** In his argument under this point, Mr. Chandler contends that the Sheriff's forfeiture motion was deficient because it was not filed within 60 days after the seven video game machines were no longer needed as evidence in a criminal proceeding. The statutory provision Mr. Chandler cites for this proposition is § 542.301.1(5). Subsection 1 of § 542.301, however, applies only to the forfeiture of stolen property or property acquired in the

course of a robbery, burglary, arson, stealing, and other related offenses. *See State v. Johnson,* 956 S.W.2d 941, 942 (Mo.App.1997) (interpreting the 1994 version of the statute). Moreover, neither that subsection, nor any other subsection within § 542.301, contains a requirement that, in order to be valid, a forfeiture motion must be filed within 60 days after the seized property is no longer needed as evidence in a criminal proceeding.

party." *Meiners Co. v. Clayton Greens Nursing Ctr., Inc.,* 645 S.W.2d 722, 724 (Mo.App.1982). Where the court takes judicial notice of a court file that is physically before it, however, the court file is introduced into evidence and may be properly considered by the court. *Callahan,* 978 S.W.2d at 474–75 ("[T]he introduction of the other court file into evidence may also be accomplished by the court taking judicial notice of the file if it is physically before it." (quoting *State v. Hurst,* 845 S.W.2d 669, 670 (Mo.App.1993))).

■■■ The record in this case indicates that Mr. Chandler waived any objection that he had to the court's taking judicial notice of the file in Ms. Garmen's criminal case. When the Division asked that the court take judicial notice of the *State v. Garmen* file, Mr. Chandler did not object. Although Mr. Chandler later objected when the deputy sheriff and liquor control agent were asked whether they testified or investigated the case against Ms. Garmen, Mr. Chandler's objections were to testimonial evidence about the case against Ms. Garmen, and not to the court's taking judicial notice of the file.[4] A party's "[f]ailure to specifically object to the court taking judicial notice constitutes a waiver." *Rice v. James,* 844 S.W.2d 64, 68 (Mo.App. 1992).

■■■ Moreover, despite Mr. Chandler's assertion to the contrary, the record also indicates that the *State v. Garmen* file was physically before the court. At the beginning of the hearing, the court informed Mr. Chandler's attorney that the court had before it the file in *State v. Garmen,* CR198–188F. The court informed Mr. Chandler's attorney that the *State v. Garmen* file was attached to the file in Mr.

Chandler's case because the Division had brought to the court's attention the fact that the video game machines at issue in Mr. Chandler's case were the subject of a prosecution that had resulted in a conviction. Because the *State v. Garmen* file was physically before the court when the court took judicial notice of it, it was introduced into evidence and properly considered by the court. *Callahan,* 978 S.W.2d at 474–75. Mr. Chandler's second point is denied.

### Sufficient Evidence of Mr. Chandler's Consent

■■■ Mr. Chandler raises two sufficiency of the evidence arguments in his third point. First, he argues that the evidence was insufficient to support a finding his video game machines met the criteria for being "gambling devices" as that term is defined in *Thole v. Westfall,* 682 S.W.2d 33 (Mo.App.1984), because there was no evidence that the machines were slot machines. Second, he argues that the evidence was insufficient to support the court's finding that he knew that the video game machines were used in gambling.

To support a forfeiture order under § 542.301.2, the evidence must be "clear and convincing that the property in issue is in fact of a kind subject to forfeiture under this subsection[.]" Section 542.301.5. This court need not decide whether the evidence was clear and convincing on Mr. Chandler's first issue, however, because the court did not order forfeiture based upon a finding that the machines were slot machines. Rather, the statute authorized the forfeiture of "[w]eapons, tools, devices, and substances other than motor vehicles, aircraft or watercraft, used by the owner or with the owner's consent as a means for

---

4. The trial court overruled the objections, and Mr. Chandler does not challenge those rulings in this appeal.

committing felonies other than the offense of possessing burglary tools in violation of section 569.180, RSMo...." Section 542.301.2. The court ordered the forfeiture based upon its finding that the machines were the same machines used by Ms. Garmen to commit the felony of promoting gambling in the first degree, and that Mr. Chandler, as the owner of the machines, consented to Ms. Garmen's use of the machines to commit a felony.

■■■ This court has already determined that the court's taking judicial notice of Ms. Garmen's felony conviction for promoting gambling in the first degree was proper. Moreover, the testimony of the deputy sheriff and the liquor control agent supports the court's finding that Mr. Chandler's video game machines were the same machines used to convict Ms. Garmen of the felony of promoting gambling in the first degree. Thus, the video game machines were subject to forfeiture under § 542.301.2 if this court determines that the evidence of Mr. Chandler's consent to the use of his machines to commit a felony was clear and convincing. In determining the sufficiency of the evidence, this court reviews the evidence and any inferences therefrom in the light most favorable to the trial court's judgment. *Custom Muffler*, 3 S.W.3d at 817.

■■■ Here, the evidence the trial court relied upon to determine that Mr. Chandler consented to the use of his video game machines to commit a felony included (1) the unique design of the video game machines, and (2) the location of the machines within the establishment. With regard to the unique design of the machines, the liquor control agent, Keith Hendrickson, testified that the machines had several features of illegal "gambling devices" under *Thole*, 682 S.W.2d at 36–37. Specifically, Agent Hendrickson testified that the machines took money to play, were games of

chance, rewarded the player with hundreds or thousands of credits, and had an internal accounting system that kept track of credits for payoff purposes. There were also "garage-door-type openers" operated from the bar that cleared the points from the machines. The trial court concluded that Agent Hendrickson's testimony regarding the unique design of the machines for use as gaming devices was one factor from which Mr. Chandler's knowledge of their use to commit a felony could be inferred. This court finds that such an inference was reasonable from the evidence, and supports the court's finding that Mr. Chandler consented to the use of the machines to commit a felony. *See Thole*, 682 S.W.2d at 36 (stating that "[w]hen it is obvious, from the appearance and play of a device, that it was specifically devised for gambling, the device itself will be circumstantial evidence that its possessors knew it was to be so used.").

Other evidence upon which the court relied to infer Mr. Chandler's consent to the use of his video game machines to commit a felony included the location of the machines within the Trails End Bar and Grill. The machines were located in a room off of the dining room of the establishment. Mr. Chandler referred to this room as his office. The door from the dining room to this room was designed to look like a mirror so that anyone unfamiliar with the room would not have known it was actually a door to the room. Additionally, there was an intercom system connecting the room in which the machines were located to the bar area of the establishment, despite the fact that the rooms were only a few feet apart from each other. From the existence of this intercom system and the location of machines in a concealed room with a hidden door, the trial court concluded that Mr. Chandler knew his video game machines were being

used to commit a felony, and consented to such use. This court finds that such an inference was reasonable from the evidence. Therefore, because clear and convincing evidence supports the trial court's determination that Mr. Chandler's machines were of a kind subject to forfeiture under § 542.301.2, Mr. Chandler's third point is denied.

**No Guilty Plea or Criminal Conviction Was Required to Order Forfeiture**

In his final point, Mr. Chandler claims the trial court erred in ordering forfeiture because the intent of the legislature is to now require a guilty plea or criminal conviction in all forfeiture actions. Mr. Chandler bases his argument on the fact that a guilty plea or conviction of "any individual claiming an interest in the property subject to the [Criminal Activities Forfeiture Act (CAFA) ] proceeding" is required before a forfeiture pursuant to the CAFA can be ordered. Section 513.617.1. Although he recognizes that the forfeiture action against him was not initiated under CAFA, but instead was initiated under § 542.301.2, Mr. Chandler contends that the guilty plea or criminal conviction requirement of CAFA applies to all civil forfeitures ordered under any forfeiture statute. Since the criminal charge against him was dismissed by order of nolle prosequi, he contends that the forfeiture action also must be dismissed.

The case Mr. Chandler primarily relies upon to support this contention is *State v. Eicholz*, 999 S.W.2d 738, 742–43 (Mo.App. 1999). In *Eicholz*, the State initiated a forfeiture proceeding pursuant to § 195.140, which provides for forfeitures in drug cases. *Id.* at 739. The defendant died prior to his criminal trial, so the criminal charges against him were dismissed. *Id.* After the defendant's death, his estate was substituted for him in the

pending CAFA forfeiture proceeding. *Id.* The trial court subsequently granted summary judgment in favor of the defendant's estate in the CAFA proceeding. *Id.* at 740. This court affirmed. *Id.* at 743. This court reasoned that because § 195.140.2(3) specifically states that "[a]ll forfeiture proceedings shall be conducted pursuant to the provisions of sections 513.600 to 513.660, RSMo," which are the CAFA statutes, a guilty plea or conviction was required before a forfeiture under § 195.140 could be effected. *Id.* at 742–43. Since the criminal charges against the defendant were dismissed, the State could not proceed with the forfeiture action against the defendant's estate under § 195.140. *Id.*

Unlike in § 195.140, however, there is no provision in § 542.301 stating that forfeiture proceedings pursuant to § 542.301 are subject to the CAFA provisions. Section 542.301.2, the statute under which the court ordered Mr. Chandler's video game machines forfeited, requires only that the property be used by the owner or with the owner's consent as a means for committing felonies before forfeiture can be ordered. To read a requirement that the owner plead guilty or be convicted before forfeiture can occur pursuant to § 542.301.2 would be contrary to the plain language of the statute. Mr. Chandler's fourth point is denied.

The judgment of the trial court is affirmed.

All concur.