No. 2--05--0439                    filed: 9/5/06

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of Du Page County. |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | No. 04--MR-345 |
| ONE 1999 LEXUS, VIN JT8BH68X2X0018305 | ) ) ) ) | |
| Defendant | ) ) | Honorable Edward R. Duncan, Jr., |
| (John Suich, Claimant-Appellant). | ) | Judge, Presiding. |

JUSTICE BOWMAN delivered the opinion of the court:

The claimant, John Suich, appeals the circuit court's order forfeiting to the State a 1999 Lexus. He contends that the trial court's finding that the car was subject to forfeiture was against the manifest weight of the evidence. We affirm.

On February 10, 2004, Phillip Massey was arrested and charged with driving under the influence of alcohol (DUI) and driving with a suspended or revoked license. He was driving a 1999 Lexus owned by the claimant, his grandfather. The State filed a petition seeking forfeiture of the Lexus. The petition alleged that Massey's license had been

suspended or revoked because of a prior DUI conviction. It further alleged that the claimant knew this, but allowed Massey to drive the car.

At the hearing on the petition, the prosecutor referred to various documents that he had shown to defense counsel. Defense counsel responded, "We will stipulate." The documents include the notice of forfeiture, title and registration documents for the Lexus, the petition for forfeiture, and the indictment and sentencing order from Massey's underlying criminal case. These documents allege that Massey's license had been suspended or revoked based on a previous DUI conviction. They also show that Massey was found not guilty of DUI but guilty of driving with a suspended or revoked license in the underlying case. The State also called three police officers who testified that Massey had been arrested three times for DUI, including the arrest that led to the underlying case.

The claimant testified that Massey moved in with him when he could no longer afford to maintain his own apartment. Massey did not have a car, so the claimant let him use his car to get to work. The claimant was aware that Massey had been arrested previously for DUI. He knew that after one arrest Massey had pleaded guilty to DUI and had been sentenced to two years' probation. However, he did not know that Massey's license was suspended or revoked. Massey was never impaired when he asked to use the car. After the second DUI arrest, Massey said that he was not drinking anymore.

The trial court ordered the car forfeited. The claimant timely appeals.

The claimant contends that the State failed to prove that Massey's license was revoked as the result of one or more DUI convictions and that the claimant knew that Massey's license was suspended or revoked. Therefore, the claimant contends that the trial court's finding that the vehicle was subject to forfeiture was against the manifest weight

of the evidence. The State responds that the circumstantial evidence was sufficient to prove both these points.

Section 36--1 of the Criminal Code of 1961 provides as follows:

"Any vessel, vehicle or aircraft used with the knowledge and consent of the owner in the commission of *** an offense prohibited by *** subsection (g) of Section 6--303 of the Illinois Vehicle Code *** may be seized ***." 720 ILCS 5/36--1 (West 2004).

Section 6--303 of the Illinois Vehicle Code prohibits driving while one's license is suspended or revoked. 625 ILCS 5/6--303 (West 2004). Subsection (g) of that section provides that a vehicle may be forfeited "if the person's driving privilege was revoked or suspended as a result of a violation listed in paragraph (1), (2), or (3) of subsection (c) of this Section." 625 ILCS 5/6--303(g) (West 2004). Paragraph (1) of subsection (c) refers to section 11--501 of the Illinois Vehicle Code (625 ILCS 5/11--501 (West 2004)), which prohibits driving while under the influence of alcohol. Thus, the claimant's car was subject to forfeiture if the State proved that he knowingly permitted Massey to use it while Massey's driver's license was suspended or revoked as a result of one or more DUI convictions. However, the claimant could avoid forfeiture by showing, by a preponderance of the evidence, that he did not know or have reason to know that the vehicle would be used in the commission of a crime. 720 ILCS 5/36--2 (West 2004); People v. 1991 Chevrolet Camaro, VIN 1GFP23E9ML117842, 251 Ill. App. 3d 382, 386 (1993).

A forfeiture proceeding is civil and the State must show by a preponderance of the evidence that the vehicle was used in the commission of a crime enumerated in the forfeiture statute. 1991 Chevrolet Camaro, 251 Ill. App. 3d at 386. The trial court's findings

˘3˘

in a forfeiture proceeding will not be disturbed unless they are against the manifest weight of the evidence. People ex rel. Spencer v. One 1978 Pontiac Automobile, VIN No. 2L69Y8P243561, 242 Ill. App. 3d 411, 412 (1993).

The claimant first contends that the State did not prove that Massey's driver's license was suspended or revoked for a DUI conviction. We disagree. We note that the claimant does not appear to dispute that Massey's driving privileges were in fact suspended or revoked; he contends only that the State failed to prove the reason for the suspension or revocation.

The stipulated documents the State tendered included the indictment from the underlying case, which alleges that Massey's driving privileges were suspended or revoked "for a violation of 625 ILCS 5/11--501.1," which provides for the suspension or revocation of the driver's license of one convicted of DUI. They also include the order convicting him of driving with a suspended or revoked license.

In his reply brief, the claimant contends that the stipulated documents were never introduced into evidence. The record shows that the prosecutor tendered the documents to the trial court. However, the prosecutor never asked the trial court to admit them into evidence. The documents nevertheless appear in the common-law record.

It is true that generally a document must be offered by its proponent and admitted into evidence by the trial court before it may be considered evidence. L.S. Huckabay, M.D. Memorial Hospital, Inc. v. KPMG Peat Marwick, LLP, 843 So. 2d 1186, 1201 (La. App. 2003); 75 Am. Jur. 2d Trial §346 (1991); 29 Am. Jur. 2d Evidence §3 (1994). It is error to permit the trier of fact to consider documents that have not been tendered or admitted into evidence. 75 Am. Jur. 2d Trial §346 (1991); see Cannon v. Venture Stores, Inc., 743

S.W.2d 473, 476 (Mo. App. 1987) (attorney could not use for impeachment purposes a police report that had not been offered to or received by the court).

It appears that the primary purpose of this rule is to give the opposing party an opportunity to object to the document before the court rules. Anderzhon/Architects, Inc. v. 57 Oxbow II Partnership, 250 Neb. 768, 774, 553 N.W.2d 157, 161 (1996); see also Hazdra Homes, Inc. v. County of Du Page, 27 Ill. App. 3d 685, 690 (1975) (document is not properly admitted into evidence unless opposing party has prior opportunity to examine it); 75 Am. Jur. 2d Trial §350 (1991).

These principles have been applied in only a handful of Illinois cases. In People v. McClerren, 197 Ill. App. 3d 441 (1990), the trial court erred by relying on facts that were deemed admitted by the defendant's failure to respond to the plaintiff's request to admit facts (see 134 Ill. 2d R. 216(c)), because the request to admit was never introduced or received into evidence at the trial. McClerren, 197 Ill. App. 3d at 443. On the other hand, where the plaintiff's counsel admitted that a dismissed codefendant had executed a covenant not to sue and stated for the record that the defendant's counsel was being furnished with a copy of the covenant, there was "a sufficient presentation of the issue of the covenant into the record to warrant its consideration by the court." Burns v. Stouffer, 344 Ill. App. 105, 113 (1951).

Exceptions to the requirement of formal admission of documents have been recognized where the opposing party stipulates to their admission or they contain facts that may be judicially noticed. See Reynolds v. Burt, 359 So. 2d 50, 51-52 (Fla. App. 1978). Both exceptions could potentially apply in this case. We note that the most relevant documents in question here, the indictment and judgment in the underlying case, are court

records, of which the court could take judicial notice. See People v. White, 311 Ill. App. 3d 374, 380 (2000).

A case factually quite similar to this one is Chandler v. Hemeyer, 49 S.W.3d 786 (Mo. App. 2001). There, the owner of "video games" that the State deemed gambling devices intervened to attempt to prevent their forfeiture. The trial court took judicial notice of the court file in an underlying gambling prosecution. On appeal, the court recited the general rule that a record must be introduced into evidence. Chandler, 49 S.W.3d at 791. However, the court held that where the trial court takes judicial notice of a file physically before it, the court file is deemed introduced into evidence and the trial court may consider it. Chandler, 49 S.W.3d at 791-92. The court further noted that the claimant waived any objection to the records because he did not object when the prosecutor asked the trial court to judicially notice the file. Chandler, 49 S.W.3d at 792.

The procedure followed here was functionally equivalent to that in Chandler. The prosecutor physically tendered the documents to the trial court and to the claimant's counsel. The latter did not object, and in fact "stipulated" to the documents. Although the trial court did not explicitly state that it was taking judicial notice of the records, it certainly could have done so. In any event, a stipulation waives the formal requisites of admission into evidence. As the supreme court recently stated:

"A defendant, however, may waive the necessity of proof of chain of custody by entering into a stipulation with respect to the evidence. People v. Holloman, 46 Ill. 2d 311 (1970); People v. Polk, 19 Ill. 2d 310, 315 (1960); see People v. Carpenter, 228 Ill. App. 3d 899, 904 (1992). A stipulation is an agreement between parties or their attorneys with respect to an issue before the court (People ex rel.

Stead v. Spring Lake Drainage Levee District, 253 Ill. 479, 492 (1912); see Wright v. County of Du Page, 316 Ill. App. 3d 28, 40 (2000)), and courts look with favor upon stipulations because ' "they tend to promote disposition of cases, simplification of issues[,] and the saving of expense to litigants." ' People v. Coleman, 301 Ill. App. 3d 37, 48 (1998), quoting In re Estate of Moss, 109 Ill. App. 2d 185, 192 (1969). The primary rule in the construction of stipulations is that the court must ascertain and give effect to the intent of the parties. In re Marriage of Galen, 157 Ill. App. 3d 341, 344-45 (1987). 'A stipulation is conclusive as to all matters necessarily included in it' [citation] and '[n]o proof of stipulated facts is necessary, since the stipulation is substituted for proof and dispenses with the need for evidence' [citation]. Generally speaking, a defendant is precluded from attacking or otherwise contradicting any facts to which he or she stipulated. See Polk, 19 Ill. 2d at 315; 34 Ill. L. & Prac. Stipulations §11 (2001)." People v. Woods, 214 Ill. 2d 455, 468-69 (2005).

Thus, a defendant may by stipulation waive the necessity of proof of part of the case. People v. Rucker, 346 Ill. App. 3d 873, 892 (2003). A stipulation has the effect of eliminating the need for proof that might otherwise have been required. Polk, 19 Ill. 2d at 315; People v. Spivey, 351 Ill. App. 3d 763, 769 (2004).

These cases suggest that a stipulation either serves the function of admitting documents or testimony into evidence or removes the issue from the case entirely, dispensing with the need for a formal presentation of evidence (see People v. Hill, 345 Ill. App. 3d 620, 632 (2003)). If there is a functional difference between these formulations, it may have to do with the precise timing and nature of the stipulation. In either case, if the

claimant's stipulation here was valid, there was no need to formally introduce and admit the documents into evidence.

A further aspect of stipulations is that a stipulation to an item of evidence waives the right to challenge that evidence on appeal. Hill, 345 Ill. App. 3d at 631; People v. Calvert, 326 Ill. App. 3d 414, 419 (2001). This is so because in most cases, if the defendant had objected to the evidence at trial, the State could have cured the alleged deficiencies at that time. Hill, 345 Ill. App. 3d at 632. Moreover, even plain error review is generally unavailable because, by stipulating, a party is deemed to have participated in presenting the evidence. " 'Under the doctrine of invited error, an accused may not request to proceed in one manner and then later contend on appeal that the course of action was in error.' " Hill, 345 Ill. App. 3d at 633, quoting People v. Carter, 208 Ill. 2d 309, 319 (2003). Therefore, if the claimant's stipulation here was binding, he cannot now complain that the trial court improperly considered the documents.

There remains the interpretation of the claimant's rather terse stipulation. A stipulation, although lacking some of the formal requisites of a contract, is an agreement between the parties. 73 Am. Jur. 2d Stipulations §1 (2001). Accordingly, like a contract, a stipulation is interpreted according to the parties' intent. See Woods, 214 Ill. 2d at 468-69; Calvert, 326 Ill. App. 3d at 419. As with a contract, to be enforceable a stipulation must be clear, certain, and definite in its material terms. West v. H.P.H., Inc., 231 Ill. App. 3d 1, 6 (1992).

Here, after the State presented its last witness, the following colloquy occurred:

"MR. DIAMOND [Assistant State's Attorney]: Judge, at this point in time I've shown counsel the supporting documentation regarding the vehicle forfeiture including the notifications and the title and registration documents.

MR. FENELON [The claimant's counsel]: Judge, if I might just peruse them once again.

We would stipulate to the proof of service, and receipt of the same by Mr. Suich.

MR. DIAMOND: Judge, I've also included in the packet copies of the indictment, complaint ***

MR. FENELON: We would stipulate.

MR. DIAMOND: *** sentencing order from the underlying case which is the basis of this forfeiture.

MR. FENELON: Correct. So stipulated, Judge.

THE COURT: Thank you."

The State then rested. Defense counsel approached the bench and asked to see the documents again. He then called his client to the stand and began questioning him.

The claimant does not argue that the stipulation was not sufficiently specific to be enforced or that it was ambiguous. In fact, he concedes in his appellant's brief that the "introduction of the State's evidence was by stipulation." Based on the above-quoted colloquy, the most reasonable interpretation is that the claimant's counsel was stipulating that the documents be admitted into evidence. The sequence came at the end of the State's case, when it would normally be expected to move its exhibits into evidence. Moreover, the fact that the claimant did not object in the trial court that the exhibits were not

admitted further supports the conclusion that the claimant's counsel believed that he had stipulated to the admission of the documents.

Of course, it is possible that the claimant's counsel meant to stipulate only that the documents existed, but this is not a reasonable interpretation. In construing a contract, a court should not adopt a construction that will render any term meaningless. In re Marriage of Perdue, 162 Ill. App. 3d 126, 131 (1987). Interpreting the stipulation as counsel agreeing to what was already obvious to the judge would render the stipulation meaningless.

Thus, there was no need for the prosecutor to formally introduce the documents into evidence or for the trial court to formally admit them. The trial court could take judicial notice of the documents, and the claimant's stipulation meant, at a minimum, that he did not object to them. Therefore, the trial court did not err in considering the documents despite the lack of a formal action admitting them into evidence.

We note that the claimant does not fault his trial counsel for making the stipulation. Because a forfeiture action is civil, it is doubtful that a claim of ineffective assistance of counsel would be viable. See Kalabogias v. Georgou, 254 Ill. App. 3d 740, 750 (1993) (no right to effective assistance of counsel in civil case); In re D.B., 246 Ill. App. 3d 484, 492 (1993) (same). But see In re Carmody, 274 Ill. App. 3d 46, 56-57 (1995) (right to effective assistance of counsel has been extended to various types of civil actions). A claim that counsel was ineffective for unadvisedly stipulating to certain evidence might be viable in a criminal case. In any event, with no indication in this record of why counsel decided to stipulate to the documents, it would be impossible to evaluate such a claim in this case. See Calvert, 326 Ill. App. 3d at 421.

Moreover, we note that the State presented evidence apart from the documents that Massey's license was suspended or revoked due to a DUI conviction. Three officers testified that they had previously arrested Massey for DUI. No evidence was presented of any other reason that Massey's license might have been suspended or revoked. Finally, the claimant testified that Massey had been convicted of DUI. Based on this evidence, the trial court could reasonably find that Massey's license was suspended or revoked on the basis of a DUI conviction.

The claimant also contends that the State failed to prove that the claimant knew that Massey's driver's license was suspended or revoked. Section 36--1 states that, before it can be forfeited, the vehicle must be used "with the knowledge and consent of the owner" in the commission of a crime. 720 ILCS 5/36--1 (West 2004). The claimant insists that the State failed to prove this element of its case. Again, we disagree.

Generally, knowledge is proved by circumstantial evidence. See People v. Brogan, 352 Ill. App. 3d 477, 493 (2004). Moreover, knowledge can be inferred from the facts of the particular case. People v. Holt, 271 Ill. App. 3d 1016, 1025 (1995). Therefore, one need not admit knowledge for the trier of fact to conclude that he or she acted knowingly. People v. Melton, 282 Ill. App. 3d 408, 417-18 (1996).

Here, the claimant testified that Massey lived with him. They apparently had a close relationship and the claimant knew important details about Massey's life. He knew that Massey did not own a car. He knew about Massey's previous DUI arrests. He knew that one had led to a conviction and a sentence of probation. Yet the claimant denied knowing that Massey's driver's license was suspended or revoked. It is common knowledge that a driver's license can be suspended or revoked following a DUI conviction. See 625 ILCS

5/11--501.1 (West 2004). Moreover, it is inherently doubtful that the claimant would know of Massey's arrests, know of his conviction, and know of his sentence, yet not know of the suspension or revocation. Thus, the trial court could reasonably find that the claimant knew about the status of Massey's driver's license, despite his express denials.

The judgment of the circuit court of Du Page County is affirmed.

Affirmed.

O'MALLEY and KAPALA, JJ., concur.