(No. 75012.—

BENEFICIAL DEVELOPMENT CORPORATION *et al.* (Beneficial Development Corporation, Appellant) v. THE CITY OF HIGHLAND PARK *et al.*, Appellees.

*Opinion filed July 28, 1994.—Rehearing denied October 3, 1994.*

Everette M. Hill, Jr., of Arnstein & Lehr, of Chicago, for appellant.

John J. Zimmermann, Corporation Counsel, of Highland Park, and Erwin W. Jentsch, of Mt. Prospect, for appellee City of Highland Park.

Kenneth M. Lodge, of Smith, Williams & Lodge, Chrtd., and Ronald L. Sandack, of Chicago, for appellee Shaf Home Builders, Inc.

JUSTICE MILLER delivered the opinion of the court:

Plaintiffs, Beneficial Development Corporation, Tennyson Development Corporation, and Betty Holst, brought suit in the circuit court of Lake County against defendants, the City of Highland Park and Shaf Home Builders, Inc., for a declaration of rights that a recapture agreement entered into between defendants could not be enforced against plaintiffs. Plaintiffs further alleged in a separate count that defendants constructed a street that encroached on property owned by plaintiffs, and that this encroachment was an unlawful conversion of their property. In the unlawful-conversion count, plaintiffs sought monetary damages, attorney fees, and an order requiring Highland Park to begin eminent domain proceedings to acquire the property in question.

The trial court held that the terms of the recapture agreement were valid and enforceable against plaintiffs, but that Shaf Home Builders had trespassed in constructing the street on plaintiffs' property. The trial court awarded damages against Shaf Home Builders in the amount of $5,445, the market value of the property used in the street construction, and denied all other relief requested by plaintiffs. Plaintiff Beneficial Development Corporation filed a timely notice of appeal. Plaintiffs Tennyson Development Corporation and Betty Holst were not named as parties in the notice of appeal. After holding that Tennyson and Holst had waived their right to appeal, the appellate court affirmed the judgment of the trial court. (239 Ill. App. 3d 414.) We granted Beneficial Development Corporation's petition for leave to appeal (134 Ill. 2d R. 315).

## FACTS

Shaf Home Builders, Inc. (Shaf), a developer, owned a 22-acre parcel of land that it desired to develop into a residential subdivision (Tara Subdivision). The Tara

Subdivision site was located within the boundaries of the City of Highland Park. As a condition of Highland Park's approving the final plat of Tara Subdivision, Highland Park required Shaf to make numerous improvements to the land. These improvements included the construction of streets, sidewalks, street lights, water mains, sanitary sewers and storm sewers. Betty Holst owned a five-acre parcel of property adjacent to the Tara Subdivision site (the Holst property). Shaf anticipated that the owners of the Holst property would eventually want connection to the Tara Subdivision improvements.

In order to reimburse Shaf for a portion of its expenses in making the improvements to Tara Subdivision, Shaf and Highland Park entered into a recapture agreement. The recapture agreement provided that if an owner of any portion of the Holst property requested a building permit, or a tap-on permit to any of the Tara Subdivision improvements, the owners of the Holst property would be bound to pay Highland Park a recapture fee. The fee would equal five twenty-sevenths of the entire cost incurred by Shaf in making the required improvements to Tara Subdivision. Highland Park would then pay this fee over to Shaf. The five twenty-sevenths figure was calculated by taking the ratio of the area of the Holst property to the combined area of Tara Subdivision and the Holst property. To notify persons interested in the Holst property that there would be a charge for a building permit or a tap-on permit, a copy of the recapture agreement was filed with the recorder of deeds of Lake County.

After the filing of the recapture agreement, Tennyson Development Corporation (Tennyson) entered into a contract to purchase two acres of the Holst property. Beneficial Development Corporation (Beneficial) then entered into a contract to purchase those two acres from

Tennyson. In the spring of 1989, the general manager of Beneficial, Michael Wellek, met with an employee of Highland Park's building department to discuss building a home on the two acres. The employee allegedly told Wellek that Highland Park would not issue a building permit until Beneficial paid the fee provided for in Shaf's recapture agreement. Instead of requesting a building permit, plaintiffs filed the instant suit to declare the recapture agreement unenforceable.

In addition to claiming that the recapture agreement is unenforceable, plaintiffs alleged that a street constructed by Shaf (Tennyson Lane) encroached on approximately one-half acre of the Holst property. Tennyson Lane is 66 feet wide and runs between the Holst property and Tara Subdivision. In constructing Tennyson Lane, Shaf paved the westernmost 33 feet of Tara Subdivision and the easternmost 33 feet of the Holst property. This was done without the consent of Holst.

The portion of the Holst property used in the construction of Tennyson Lane was subject to an easement of ingress and egress for two parcels of property (dominant tenements). Tara Subdivision contained one of the dominant tenements, as well as substantial other land. A gravel road existed on the Holst easement property before Shaf paved Tennyson Lane.

As a preliminary matter, we must determine what issues are properly before this court. Beneficial seeks in this court to raise issues on behalf of Tennyson Development Corporation and Betty Holst. Tennyson and Holst did not file a timely notice of appeal to the appellate court, and the appellate court held that they had waived their right to appeal.

Beneficial does not claim that the appellate court erred in its decision that Tennyson and Holst had waived their right to appeal. Tennyson and Holst did not join in the petition for leave to appeal to this court,

and they are not parties to this appeal. Nevertheless, Beneficial claims that we have discretion to consider their substantive claims. We will not consider the claims of parties not before this court. Because Beneficial is the sole plaintiff before us in this appeal, we will only consider those issues which Beneficial has standing to raise. We must therefore separate those issues that have been properly presented from those issues that have not been properly presented.

## ISSUES NOT PROPERLY PRESENTED

Beneficial alleges the $5,445 award of trespass damages against Shaf was insufficient. Beneficial raised this issue in the appellate court, but the appellate court deemed the issue waived because Beneficial failed to provide authority in support of its argument. Beneficial does not claim here that the appellate court's finding of waiver was in error.

Because this issue was waived in the appellate court, our review of the sufficiency of damages here would be the equivalent of a direct appeal on that issue from the trial court. Beneficial has failed to provide any argument or authority as to why we should consider the sufficiency of damages under these circumstances, and we decline to do so.

Beneficial next urges that Highland Park violated section 1983 of the Civil Rights Act by conditioning the issuance of a building permit to Beneficial on payment of the fee provided for in the recapture agreement. Section 1983 provides that every person who, under color of law, subjects any citizen of the United States to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws shall be liable to the party injured. 42 U.S.C. § 1983 (1988).

Beneficial stipulated at trial that it had not applied for a building permit. In the absence of such an application, Beneficial's section 1983 claim is premature (see

*Williamson County Regional Planning Comm'n v. Hamilton Bank* (1985), 473 U.S. 172, 87 L. Ed. 2d 126, 105 S. Ct. 3108), and we decline to consider it. Highland Park did not deny Beneficial a building permit, and therefore, Beneficial cannot establish causation. Further, because Beneficial did not apply for a building permit, any damages awarded for the denial of a building permit would be purely speculative.

Beneficial next claims that after Highland Park approved the final Tara Subdivision plat, Highland Park took ownership of Tennyson Lane. Beneficial asserts that this case should be remanded to the trial court so that the trial court can require that condemnation proceedings be initiated by Highland Park. Beneficial stipulated at trial that "the public improvements in the Tara Subdivision *** have not been accepted by the City of Highland Park for ownership ***." Highland Park approved the final plat of Tara Subdivision several years prior to trial. Beneficial's claim is precluded by its stipulation.

Finally, Beneficial claims that Highland Park, in authorizing Shaf's trespass, violated 42 U.S.C. § 1983 (1988). Beneficial provides neither argument nor authority in support of that claim, and the issue is therefore waived. 134 Ill. 2d R. 341(e)(7).

DISCUSSION OF ISSUES PROPERLY PRESENTED

Two issues remain for our consideration. The first is whether Highland Park had authority to enter into the recapture agreement. If Highland Park did have such authority, we must consider whether the recapture agreement entered into here is valid and enforceable.

Highland Park's home rule powers provide authority to impose recapture fees. As a home rule unit, Highland Park has power to take an action so long as that action pertains to its "government and affairs." (Ill. Const. 1970, art. VII, § 6(a).) Through imposition of a recapture

fee, a municipality is apportioning the cost of local improvements among those of its constituents who will use the improvements. This function is local in nature, and therefore, it pertains to the home rule unit's government and affairs. (See *People ex rel. Bernardi v. City of Highland Park* (1988), 121 Ill. 2d 1, 12-13.) The courts of this State have consistently upheld recapture agreements in home rule municipalities. See, *e.g.*, *SBL Associates v. Village of Elk Grove* (1993), 247 Ill. App. 3d 25; *Woodfield Lanes, Inc. v. Village of Schaumburg* (1988), 168 Ill. App. 3d 763.

Although Highland Park has authority as a home rule unit to impose recapture fees, Beneficial claims that the recapture agreement entered into between Highland Park and Shaf is invalid. Highland Park has an ordinance governing recapture, and Beneficial asserts that Highland Park may effect recapture only through the recapture ordinance. Because the recapture agreement here was not created pursuant to the recapture ordinance, Beneficial claims that the recapture agreement is invalid.

A municipality is without power to violate its own ordinances. (*Palella v. Leyden Family Service & Mental Health Center* (1980), 79 Ill. 2d 493.) The appellate court, however, found that the recapture agreement did not violate the recapture ordinance. The court reasoned that the ordinance did not apply to situations where Highland Park required improvements in connection with the development of a new subdivision. Beneficial claims that the recapture agreement entered into between Highland Park and Shaf violates the recapture ordinance.

John Zimmerman, corporate counsel for Highland Park, testified that when a landowner wishes to construct a water or sewer line to benefit an individual piece of property, recapture is accomplished through

the recapture ordinance. When, however, a developer wishes to create a subdivision, the city requires various improvements prior to approval of the subdivision. In this instance, the city executes a recapture agreement with the developer rather than utilizing the recapture ordinance.

Highland Park need not enact an ordinance to execute its home rule power (see *Sommer v. Village of Glenview* (1980), 79 Ill. 2d 383, 392-93), and the recapture ordinance does not state that it provides the sole means for recapture in Highland Park. The recapture ordinance merely provides one method of recapture. The recapture ordinance did not address all types of improvements for which there could be recapture, and therefore, it was more practical to enter into a recapture agreement. This course of action did not conflict with the provisions of the recapture ordinance. We believe, therefore, that Highland Park did not violate its recapture ordinance by entering into a recapture agreement with Shaf.

We must next consider whether the terms of the recapture agreement entered into here are valid. Shaf made substantial "on-site" improvements to Tara Subdivision that will not be used by the owners of the Holst property. The recapture agreement, however, includes the costs involved in making these improvements in the recapture fee.

Beneficial claims that allowing the recapture of expenses incurred in making improvements that will not be used by adjoining property owners serves a private, rather than a public, purpose. Beneficial asserts, therefore, that allowing recapture of these types of expenses violates public policy. (See *Crain Enterprises, Inc. v. City of Mound City* (1989), 189 Ill. App. 3d 130.) The courts of this State generally will not enforce contracts that violate public policy. *George v. City of Danville*

(1943), 383 Ill. 454, 457; *Marvin N. Benn & Associates, Ltd. v. Nelsen Steel & Wire, Inc.* (1982), 107 Ill. App. 3d 442, 449.

A recapture agreement binds a third party to a contract to which he did not consent and for which he was unable to bargain. Recapture agreements are nevertheless enforced because they allow developers to recoup a portion of the expenses incurred in making "over-sized" improvements. Municipalities frequently require that developers construct improvements so that the improvements are able to withstand larger capacities than the developers require. In this manner, municipalities facilitate future development because subsequent developers are able to utilize preexisting improvements. (9 Illinois Real Property Service § 48:49, at 68-70 (1989).) The facilitation of future development serves a public purpose, and any private benefit to the developers is merely ancillary.

Allowing recapture of expenses incurred in making improvements that cannot be used by adjoining landowners does not serve the broader public purpose envisioned by recapture agreements. Unlike improvements that can be used by future developers, improvements that cannot be used by future developers do not facilitate future development. The availability of recapture for such improvements merely serves to distribute funds among private parties. Recapture under these circumstances violates public policy.

Because the owners of the Holst property will not use the "on-site" improvements to Tara Subdivision, it violates public policy to include the costs incurred in making these improvements in a recapture agreement. Accordingly, we will not enforce here that portion of the agreement that allows recapture of expenses incurred in making improvements to Tara Subdivision that cannot be used by the owners of the Holst property.

While there can be no recapture of expenses incurred in making improvements that will not be used by adjoining landowners, we do not believe that the entire recapture agreement here is unenforceable. The recapture agreement provides that recapture payments are to be based on the use of the improvements by the owners of the Holst property. The recapture agreement was filed with the recorder of deeds of Lake County, and gave notice that there would be a fee for connection to the Tara Subdivision improvements. The recapture agreement is enforceable to the extent that it provides for recovery of the Holst property owners' *pro rata* share of the costs involved in making the improvements that would be used by them.

Section 9—5—1 of the Municipal Code (65 ILCS 5/9—5—1 (West 1992)) sets forth the requirements for recapture in non-home-rule units. While Highland Park, as a home rule unit, is exempted from application of section 9—5—1 (65 ILCS 5/9—5—3 (West 1992)), we note that our findings are not inconsistent with that statute. Section 9—5—1 provides that a subdivision developer may only recapture expenses incurred in constructing improvements that can be "used for the benefit of property not in the subdivision." 65 ILCS 5/9—5—1 (West 1992).

Defendants claim that it is not feasible to ascertain the individual cost of those improvements that will used by the Holst property owners. This argument is without merit. There was undisputed testimony that the Holst property owners would only use those improvements made on and along Tennyson Lane. Shaf's engineer, Charles W. Greengard Associates, Inc., provided Shaf with an estimate of probable construction costs for the improvements to be made in Tara Subdivision. This estimate was used in calculating the proposed recapture fees contained in the recapture agreement. The estimate

was broken down into on-site and off-site improvements, and the off-site improvements consisted primarily of the improvements on and along Tennyson Lane. Furthermore, the estimate shows that the engineers were able to fix a price for each individual improvement.

We remand this cause to the trial court to determine what improvements could be used by the Holst property owners. The recapture agreement is enforceable to the extent of the costs incurred in making such improvements.

For the reasons stated, the judgments of the appellate and circuit courts are affirmed in part and reversed in part, and the cause is remanded to the circuit court.

*Appellate court affirmed in part and reversed in part; circuit court affirmed in part and reversed in part; cause remanded.*