ELMORE EDWARDS *et al.*, Plaintiffs-Appellants, v. THE CITY OF CHICAGO, Defendant-Appellee.

First District (2nd Division) No. 1—07—0741

Opinion filed March 24, 2009.—Rehearing denied April 17, 2009.

Shawn A. Warner & Associates, Ltd., of Chicago, for appellants.

Mara S. Georges, Corporation Counsel, of Chicago (Benna Ruth Solomon, Myriam Zreczny Kasper, and Robert L. Schultz, Assistant Corporation Counsel, of counsel), for appellee.

JUSTICE CUNNINGHAM delivered the opinion of the court:

This is an interlocutory appeal, pursuant to Supreme Court Rule 304(a) (210 Ill. 2d R. 304(a)), from a July 6, 2006, order of the circuit court of Cook County. That order granted partial summary judgment for the defendant-appellee, City of Chicago (the City), on one portion of the complaint by plaintiffs-appellants (certain Chicago police officers, as set out below). That part of the complaint alleged that the City committed the intentional tort of conversion of their property when, without proper authorization or legal authority, it filed liens to recover line-of-duty medical expenses paid on behalf of plaintiffs-appellants pursuant to municipal ordinances of the City.[1] These liens were filed against judgments obtained by the police officer plaintiffs from third parties who had injured them. The named plaintiffs are Chicago police officers Elmore Edwards, Alan Garant, Belinda Johnson, Lizette Lozada, Sandra Mendiola-Kunis, Andre Reyes, Frank Sarabia, Gloria Thompson, and Steven Vrtis. They are the class representatives for the court-certified class of all current and former Chicago police officers who were subject to medical-expense liens, excluding those whose claims concerning medical-expense liens that had already been adjudicated by a court. Following its order granting partial summary judgment for the plaintiffs, the circuit court[2] entered

---

[1]A second portion of the complaint alleged that from 1997 to 2001 the City improperly filed similar liens against Chicago police officers for reimbursement of wages paid them by the City for lost work time caused by on-duty and off-duty injuries. That portion of the complaint is still pending in the circuit court of Cook County.

[2]Judge Anthony Young presided over these proceedings through his issuance of the order of July 6, 2006, granting partial summary judgment for the City. The case was then heard by Judge James R. Epstein who, on February 26, 2007, denied the plaintiffs' motion for reconsideration and entered the Rule 304(a) finding rendering that judgment appealable.

the appropriate Rule 304(a) language and the plaintiffs brought this appeal. The plaintiffs contend that the City had no authority to file the liens against them. We affirm and remand for further proceedings.

## BACKGROUND

The facts are not in dispute. The named plaintiffs are Chicago police officers injured in the line of duty by the wrongdoing of third parties. Since at least 1974, the City has filed liens seeking reimbursement of medical expenses which the City paid to Chicago police officers for line-of-duty injuries. These liens are only filed when the injured officer has recovered damages from a third party. Plaintiffs-appellants Sarabia, Johnson, and Thompson had only wage liens and not medical-expense liens filed against them as of the date this appeal was filed. The City has not challenged their status as appellants in this court. Accordingly, we will not disturb that designation, but for simplicity will refer to all the plaintiffs-appellants as plaintiffs. Plaintiffs Edwards, Garant, Lozada, Mendiola-Kunis, Reyes, and Vrtis have all had money recovered by the City from damages due to them from third parties. The City recovered the money pursuant to liens which it filed for medical expenses the City paid to the plaintiffs. The money recovered by the City was paid voluntarily by the plaintiffs or their representatives. Plaintiff Garant's attorney paid the City the full lien amount of $1,895.30 in full settlement of that lien on December 2, 1994. Plaintiff Edwards' attorney negotiated a reduced payment of $4,752.82 from the City's lien of $16,399.57, and the City was paid on October 1, 1999. Plaintiff Vrtis' attorney also negotiated a lower payment to the City made on September 18, 2000, of $4,833.33 from a lien amount of $9,208.07. Plaintiffs Reyes and Lozado, through their attorney, after unsuccessful attempts to negotiate a lesser amount, on January 10, 2001, paid the City the full amount of their liens, $1,301.42 for Reyes and $1,336.20 for Lozado. Plaintiff Mendiola-Kunis's attorney obtained a release of the City's claim for reimbursement of medical expenses by paying the full amount requested, $4,519.05, on August 7, 2001.

This action was first filed on February 25, 1998. At issue here is the fourth amended complaint, which was filed on August 27, 2001, and which alleges in pertinent part that the City has converted the property of the plaintiffs. The conversion is alleged to have been carried out by issuing liens and collecting funds from the plaintiffs as reimbursement for medical expenses paid by the City in instances where the plaintiffs had obtained recoveries from the third parties who injured them. The circuit court granted summary judgment for the City, finding that the plaintiffs could not establish the necessary

element of absolute, immediate and unconditional right to the property at issue, which they alleged was converted.

## ANALYSIS

■ Summary judgment may be granted only when, upon consideration of all the relevant pleadings, depositions, affidavits, and admissions, the court finds that there is no genuine issue of material fact and that the party seeking the judgment is entitled to it as a matter of law. 735 ILCS 5/2—1005(c) (West 2006); *Siklas v. Ecker Center for Mental Health, Inc.*, 248 Ill. App. 3d 124, 129, 617 N.E.2d 507, 510 (1993). We review an order of summary judgment *de novo. Varela v. St. Elizabeth's Hospital of Chicago, Inc.*, 372 Ill. App. 3d 714, 722, 867 N.E.2d 1, 8 (2006). As we have noted, the relevant portion of the complaint sounds in tort and was brought on a theory of conversion. To prove that tort, a plaintiff must prove the following elements: (1) his right to the property; (2) that this right includes the absolute, unconditional right to immediate possession of the property; (3) he has demanded possession of the property; and (4) the defendant took control or claimed ownership of the property wrongfully and without authorization. *Cirrincione v. Johnson*, 184 Ill. 2d 109, 114, 703 N.E.2d 67, 70 (1998); *Cruthis v. Firstar Bank, N.A.*, 354 Ill. App. 3d 1122, 1131, 822 N.E.2d 454, 463 (2004).

The circuit court found that the plaintiffs, as a matter of law, could not establish that they had an immediate, absolute and unconditional right to possession of the property, specifically, the reimbursement funds recovered from them by the City. Because the plaintiffs could not establish this element of the tort of conversion, the circuit court granted summary judgment for the City.

It is undisputed that Chicago is a home rule municipality, with the constitutional right to "exercise any power and perform any function pertaining to its government." Ill. Const. 1970, art. VII, §6(a). Pursuant to this authority, the Chicago city council (the Council) has enacted municipal ordinances providing for immediate payment of the medical costs incurred by Chicago police officers injured in the line of duty as well as one method by which the City can recover those costs from the third parties who caused the injuries to the police officers. Sections 3—8—190 and 3—8—200 of the Chicago Municipal Code (Municipal Code) authorize the Council, as recommended by the committee on finance (the committee), to appropriate money to pay for the medical care and hospital treatment of a police officer injured in the line of duty. Chicago Municipal Code §3—8—190 (amended March 31, 2004), §3—8—200 (amended June 6, 2001). Specific responsibility to arrange for immediate medical care and to provide the committee with a

report on the costs of this care, a recommendation as to payment, and the facts surrounding the injury is delegated to the Chicago superintendent of police. Chicago Municipal Code §3—8—210 (2004). This same section requires the Chicago police department's chief physician to certify the reasonableness of the expenses and requires the committee to determine if the injury was caused by the negligence of a third party. If the committee so finds, it must notify the corporation counsel of the City, who has the duty to seek payment from the third party and to sue that party for recovery if necessary. Chicago Municipal Code §3—8—220 (1999).

There is also an alternative method by which the City may obtain reimbursement for medical payments made to injured police officers. By order of the Council, the comptroller may pay the medical expenses of a police officer injured in the line of duty if that officer signs an agreement to reimburse the City in the event the officer recovers damages from a third party. This order does not apply if the officer is incapacitated. The existence and implementation of this order were verified in an affidavit by Susan L. Conley, the committee's director of police and fire claims.

The plaintiffs do not dispute the existence of this order, dating back to at least 1974, and the fact that they have all signed the agreement to reimburse the City for medical expenses in the event they recover funds from the third party who injured them. But the plaintiffs assert that this order is effectively void because it is in contravention of the City's ordinances concerning the recovery of such funds. As we have noted, the applicable municipal ordinances only authorize the corporation counsel to seek reimbursement from third parties who caused the injuries. The plaintiffs cite Illinois cases which they contend hold that home rule municipalities do not have the power to violate their own ordinances. They rely heavily on *Palella v. Leyden Family Service & Mental Health Center*, 79 Ill. 2d 493, 404 N.E.2d 228 (1980), and *Beneficial Development Corp. v. City of Highland Park*, 161 Ill. 2d 321, 641 N.E.2d 435 (1994). *Palella* is far afield from the case at hand, as it merely held that a municipality may not use its home rule powers to instruct the judiciary on how to interpret a law. *Palella*, 79 Ill. 2d at 499, 404 N.E.2d at 231. But we find that *Beneficial* actually provides strong support for the City in this case. In *Beneficial* the home rule municipality had enacted an ordinance establishing procedures for a builder to recapture that portion of the builder's expenses which directly benefited adjoining landowners. At issue in this case was whether the municipality could use an alternative method of recapture by entering into a recapture agreement with a particular builder rather than using the procedures set out in the

municipality's recapture ordinance. Our supreme court invalidated as contrary to public policy those portions of the agreement permitting the recapture of expenses which it found had not been used for improvements benefitting adjoining landowners. *Beneficial*, 161 Ill. 2d at 330-32, 641 N.E.2d at 439-40. But, directly on point to the issue before us, it also held that the municipality was not bound to utilize only the procedures set out in its recapture ordinance to recapture expenses benefitting adjoining landowners, but *could utilize a more practical and efficient system such as an agreement made directly with the builder*, where that method did not contravene the recapture ordinance. *Beneficial*, 161 Ill. 2d at 329-30, 641 N.E.2d at 438.

■ What the *Beneficial* court implicitly found was that an ordinance establishing one method does not automatically invalidate the municipality's utilization of another method for accomplishing the same goal. This is precisely the situation in the case before us. As the City notes, obtaining reimbursement directly from a police officer who received third-party payment can mitigate litigation costs which the City would incur by intervening in the officer's lawsuit against the third party. Nothing in this substitute method of obtaining reimbursement for the City's payments of medical expenses, where the beneficiary obtains compensation from a third party, violates the City's ordinance provisions authorizing direct action by the City against the third party. Therefore the plaintiffs cannot establish that the City has violated its own ordinances. In our review of the elements of the action for conversion upon which the plaintiffs base their claims, it is clear that they cannot prove the element of having an immediate, absolute, and unconditional right to the funds recovered from the third-party tortfeasors and thus their conversion action fails.

We note that in their reply brief filed in this court, the plaintiffs assert for the first time that the reimbursement agreement with the City, which they all signed, did not establish a valid lien because it did not use the term "lien." We consider this contention to have been forfeited because it was not raised in the trial court or in plaintiffs' opening brief. Nor would we find this argument persuasive on the merits, for a promise to reimburse another party may constitute a lien even in the absence of specifically being called a lien. *Compton v. Country Mutual Insurance Co.*, 382 Ill. App. 3d 323, 327, 887 N.E.2d 878, 883 (2008) (language of insurance policy asserting the company's interest in funds recovered by its policyholder from third parties was sufficient to create a lien, despite the absence of that term from the provision). In this case all of the named plaintiffs signed a reimbursement agreement with the City to reimburse it for medical expenses paid to the plaintiffs if the plaintiffs recovered damages from a third party. This language sufficed to create a lien.

Because of our determination of these issues, we do not reach the City's alternative contention that the claims of some of the named plaintiffs are barred by the statute of limitations. That contention would only eliminate some of the plaintiffs; it would not be fatal to the underlying claim. For the reasons set forth above, we affirm the judgment of the circuit court of Cook County and remand this cause for further proceedings.

Affirmed and remanded.

KARNEZIS, P.J., and SOUTH, J., concur.