ANDREA COLEMAN, Plaintiff-Appellee, v. NSIKAK AKPAKPAN, Indiv. and d/b/a NICA Management Services, Defendant (Christiana Udoh, Indiv. and d/b/a NICA Management Services, Defendant-Appellant).

First District (1st Division)   No. 1—09—2629

Opinion filed June 30, 2010.

Christiana Udoh, of O'Fallon, appellant *pro se*.

Daniel M. Starr and Michael J. Zink, both of Starr & Rowells, and Kristen M. Dunne, of Goldberg, Weisman & Cairo, Ltd., both of Chicago, for appellee.

PRESIDING JUSTICE HALL delivered the opinion of the court:

The defendant, Christiana Udoh, filed a *pro se* appeal from an order of the circuit court of Cook County denying a motion to vacate a judgment in the amount of $20,627.63 entered in favor of the plaintiff, Andrea Coleman, and against Ms. Udoh and defendant Nsikak Akpakpan, Ms. Udoh's husband, as individuals and doing business as NICA Management Services. Ms. Udoh contends that the circuit court erred when it barred the defendants from rejecting an arbitration award and when it admitted the defendants' nonverified answer to the amended complaint and their nonverified response to the plaintiff's request to admit facts. Ms. Udoh also contends that the defendants were denied the effective assistance of counsel.

■ Before turning to the merits of this appeal, we must address two matters impacting our review. First, the plaintiff contends that this court lacks jurisdiction over Mr. Akpakpan because he did not file a notice of appeal.

Failure to file a notice of appeal within 30 days of the final judgment or within 30 days of the entry of an order disposing of the last posttrial motion deprives the appellate court of jurisdiction over the appeal. *In re Estate of K.E.J.*, 382 Ill. App. 3d 401, 887 N.E.2d 704 (2008); see Ill. S. Ct. R. 303(a)(1) (eff. May 1, 2007). While Ms. Udoh maintains that Mr. Akpak- pan filed a notice of appeal, a review of the record reveals only one notice of appeal.

Supreme Court Rule 303(b)(4) provides that the notice of appeal "shall contain the signature and address of each appellant or appellant's attorney." Ill. S. Ct. R. 303(b)(4) (eff. May 30, 2008). The notice of appeal contained in the record sets out "Christiana Udoh, et al," in the caption. However, only Ms. Udoh is listed as the appellant, and only her signature appears on the notice of appeal.

Where the notice of appeal clearly names only one party as appellant, the court considers the appeal to be taken only by the named party. See *Beneficial Development Corp. v. City of Highland Park*, 239 Ill. App. 3d 414, 416, 606 N.E.2d 837 (1992), *rev'd in part on other grounds*, 161 Ill. 2d 321, 641 N.E.2d 435 (1994). In the absence of a separate notice of appeal filed by Mr. Akpakpan and the failure of the notice of appeal filed by Ms. Udoh to name him as an appellant and to include his signature or the signature and address of his attorney, Mr. Akpakpan is not a party to this appeal. We will consider this appeal only as to Ms. Udoh, and the judgment against Mr. Akpakpan will not be affected by its outcome.

■ The second matter concerns Ms. Udoh's failure to comply with several of the supreme court rules governing appellate procedure. Ms. Udoh's appellant's brief violates Supreme Court Rule 342, in that it does not contain an appendix which includes a copy of the judgment appealed from, the notice of appeal and a complete table of contents. 210 Ill. 2d R. 342(a). Ms. Udoh's brief also violates Supreme Court Rule 341(h)(6) (210 Ill. 2d R. 341(h)(6)). Four out of the seven pages of her statement of facts contain factual allegations unsupported by references to the pages in the record on appeal. The statement itself is a mixture of fact, argument and comment. Her brief also violates Supreme Court Rule 341(h)(7) (210 Ill. 2d R. 341(h)(7)). In several instances, the argument portion of her brief fails to provide page citations to the portions of the record supporting her argument. Finally, Ms. Udoh's brief does not contain the applicable standards of review for the issues raised on appeal as required by Supreme Court Rule 341(h)(3) (210 Ill. 2d R. 341(h)(3)).

Ms. Udoh's *pro se* status does not excuse her from complying with the appellate procedures required by our supreme court rules. *Twardowski v. Holiday Hospitality Franchising, Inc.*, 321 Ill. App. 3d 509, 511, 748 N.E.2d 222 (2001); see *Lill Coal Co. v. Bellario*, 30 Ill. App. 3d 384, 385, 332 N.E.2d 485 (1975) (while some deference is afforded to *pro se* litigants, the orderly administration of the appellate court requires that the rules of appellate procedure be followed). While Ms. Udoh's failure to comply with the rules hinders our review, since we are still able to understand the issues raised on appeal, it does not deprive this court of jurisdiction. *Twardowski*, 321 Ill. App. 3d at 511. Therefore, we will consider the merits of the issues Ms. Udoh raises on appeal.

By way of background, the plaintiff filed a verified complaint against the defendants,[1] alleging multiple violations of the Chicago Residential Landlords and Tenants Ordinance (Chicago Municipal Code §5—12—010 *et seq.* (1990)). The defendants filed a nonverified answer and counterclaim. The plaintiff served the defendants with interrogatories, a production request and a request to admit facts.

On November 20, 2008, the plaintiff filed a verified amended complaint. On November 25, 2008, the circuit court ordered the defendants to answer all outstanding written discovery by December 23, 2008. The order provided that failure to comply with the specific terms of the order would result in the defendants being barred from testifying and presenting evidence at the arbitration hearing or at trial. On December 2, 2008, the defendants filed their response to the plaintiff's request to admit facts. The request to admit was signed by the defendants' attorney but was not verified by the defendants. On December 4, 2008, the defendants filed a nonverified answer to the verified amended complaint.

On December 24, 2008, the plaintiff filed a motion to bar the defendants from presenting any evidence or witnesses at the arbitration hearing as a sanction for failing to respond to the plaintiff's interrogatories and request to produce. On January 6, 2009, the circuit court granted the plaintiff's motion to bar. On January 13, 2009, the court granted the plaintiff's motion to deem admitted the facts in the plaintiff's request to admit facts. After the plaintiff moved to strike the defendants' unverified answer to the amended complaint, the defendants filed a verified answer, and the plaintiff withdrew her motion.

---

[1] We will continue to refer to both defendants in connection with the proceedings and the orders entered in the circuit court.

The arbitration hearing took place on February 20, 2009. The arbitrators found in favor of the plaintiff and against the defendants and awarded the plaintiff $8,940.63 in damages, $687 in costs and $8,000 in attorney fees. The arbitration order stated that the defendants appeared through their attorney and included a finding that all parties participated in good faith. On March 16, 2009, the defendants filed a notice of rejection of the award. On March 26, 2009, the plaintiff filed a motion to bar the defendants from rejecting the award.

On June 2, 2009, the circuit court entered judgment in favor of the plaintiff and against the defendants in the amount of $17,627.63. After striking the defendants' motion to reject the arbitration award, the court granted the plaintiff's motion to bar the defendants from rejecting the award. On July 1, 2009, the defendants filed a motion to vacate the judgment award.

On September 10, 2009, the circuit court entered an order denying the defendants' motion to vacate the June 2, 2009, judgment award. The court also granted the plaintiff's petition for additional attorney fees in the amount of $3,000, which increased the judgment amount to $20,627.63. On September 30, 2009, Ms. Udoh filed a notice of appeal.

## ANALYSIS

### I. Debarment Order

Ms. Udoh contends that the circuit court erred when it barred her from rejecting the arbitration award.

### A. Standard of Review

The circuit court's decision to bar a party from rejecting an arbitration award is reviewed for an abuse of discretion. *Campuzano v. Peritz*, 376 Ill. App. 3d 485, 487, 875 N.E.2d 1234 (2007). To the extent that the issue turns on the interpretation of a supreme court rule, *de novo* review applies. See *Zietara v. DaimlerChrysler Corp.*, 361 Ill. App. 3d 819, 822, 838 N.E.2d 76 (2005).

### B. Discussion

Supreme Court Rule 91 provides that a court may debar a party from rejecting an arbitration award as a sanction when the party either (1) fails to be present at the hearing, either in person or by counsel or (2) fails to participate in the hearing in good faith. 145 Ill. 2d R. 91. Because it was undisputed that the defendants' attorney was present at the arbitration hearing and the arbitrators found that the parties had participated in good faith, Ms. Udoh maintains that the circuit court erred in debarring her from rejecting the award.

■ Despite a finding of good faith by the arbitrators, our courts have upheld an order debarring a party from rejecting an arbitration award where the party failed to comply with discovery. See *Campuzano*, 376 Ill. App. 3d at 488-89; *Lopez v. Miller*, 363 Ill. App. 3d 773, 779, 844 N.E.2d 1017 (2006). In this case, the defendants failed to comply with the court's November 25, 2008, order to answer all outstanding written discovery by December 23, 2008. In accordance with its November 25, 2008, order, the circuit court barred the defendants from presenting any testimony or evidence at the arbitration hearing. The defendants' failure to take any action to vacate, modify or otherwise correct that sanction was sufficient grounds to bar their later rejection of the award. See *Lopez*, 363 Ill. App. 3d at 779; *Anderson v. Pineda*, 354 Ill. App. 3d 85, 89, 819 N.E.2d 1157 (2004) ("a litigant who fails to modify, vacate, or comply with sanctions imposed due to a discovery violation that occurs outside of the arbitration hearing may be incapable of participating in the arbitration in a meaningful manner"); see also *Glover v. Barbosa*, 344 Ill. App. 3d 58, 63, 800 N.E.2d 519 (2003) ("[t]he trial court may make its own bad-faith finding even where none is made by the arbitration panel").

Ms. Udoh's reliance on *Amro v. Bellamy*, 337 Ill. App. 3d 369, 785 N.E.2d 939 (2003), and *Webber v. Bednarczyk*, 287 Ill. App. 3d 458, 678 N.E.2d 701 (1997), is misplaced. In *Campuzano*, the reviewing court noted "[i]n holding that open defiance of a court order entered to compel discovery in anticipation of an arbitration hearing cannot form the predicate for a debarment order, *Amro* stands alone" and that the rationale in *Amro* had been rejected in a number of cases. *Campuzano*, 376 Ill. App. 3d at 491; see *Anderson*, 354 Ill. App. 3d at 89; *Lopez*, 363 Ill. App. 3d at 778-79; *Glover*, 344 Ill. App. 3d 58.

The court in *Campuzano* distinguished *Webber* on the grounds that *Webber* did not involve the defiance of a court order to compel discovery in anticipation of an arbitration hearing; the debarment order in *Webber* was based on the defendant's less-than-enthusiastic behavior at the arbitration hearing and a history of rejecting arbitration awards on the part of the defendant's attorneys. *Campuzano*, 379 Ill. App. 3d at 491; *Webber*, 287 Ill. App. 3d at 463-64. Finally, the court's statement in *Webber* that Rule 91(b) did not provide sanctions for conduct that occurred outside the arbitration hearing has been rejected by *Campuzano* and the cases cited therein.

We conclude that the circuit court did not err when it debarred the defendants from rejecting the arbitration award. See *Anderson*, 354 Ill. App. 3d at 89 (the defendants' refusal to comply with discovery resulted in their inability to meaningfully participate in arbitration;

therefore, the trial court acted within its discretion to sanction the defendants' contempt and disregard for the arbitration process).

## II. Request to Admit Facts

■ Ms. Udoh contends that the circuit court erred when it admitted the defendants' nonverified response to the plaintiff's request to admit facts and a nonverified answer to the verified amended complaint.[2]

### A. Standard of Review

When an issue turns on the interpretation of a supreme court rule, *de novo* review applies. See *Zietara*, 361 Ill. App. 3d at 822.

### B. Discussion

Supreme Court Rule 216 provides that "[a] party may serve on any other party a written request for the admission by the latter of the truth of any specified relevant fact set forth in the request." 134 Ill. 2d R. 216(a). Rule 216 further provides in pertinent part as follows:

> "Each of the matters of fact *** of which admission is requested is admitted unless, within 28 days after service thereof, the party to whom the request is directed serves upon the party requesting the admission either (1) a sworn statement denying specifically the matters of which admission is requested or setting forth in detail the reasons why he cannot truthfully admit or deny those matters or (2) written objections ***." 134 Ill. 2d R. 216(c).

Ms. Udoh relies on *Brookbank v. Olson*, 389 Ill. App. 3d 683, 907 N.E.2d 426 (2009). In that case, in answer to a certified question, the reviewing court held that a trial court had no authority to allow an attorney to verify a response to a request to admit facts even though the client could not be located. *Brookbank*, 389 Ill. App. 3d at 689. The court in *Brookbank* recognized that "where the client is absent, the framework of [Rule 216] may allow a judgment to be predicated on matters deemed admitted by failure to properly respond without the 'prove-up' that would have occurred had there been a default." *Brookbank*, 389 Ill. App. 3d at 689.

Apart from its completely different procedural posture, unlike the court in *Brookbank*, in the present case, the circuit court did not grant the defendants' attorney leave to file a nonverified response to the request to admit. The defendants' attorney simply filed the response

---

[2]Ms. Udoh's claim as to the admission of the nonverified answer is waived for failing to cite authority or present argument. See 210 Ill. 2d R. 341(h)(7). In any event, as noted above, the defendants did eventually file a verified answer to the verified amended complaint, which renders this issue moot.

under his own signature and without the defendants' verification. In any event, the answer to the certified question in *Brookbank* supports the circuit court's decision in the present case to deem admitted the facts in the request to admit. By failing to verify their response to the request to admit, the defendants' response did not comply with Rule 216. Based on the defendants' noncompliance, Rule 216 required that the facts contained in the plaintiff's request to admit facts be deemed admitted. See 134 Ill. 2d R. 216(c).

We conclude that the circuit court did not err in deeming admitted the facts contained in the plaintiff's request to admit facts.

### III. Ineffective Assistance of Counsel

■ Ms. Udoh contends that she was denied her right to the effective assistance of counsel. She maintains the defendants' attorney failed to communicate with the defendants and that only after they were served with a citation to discover assets did they become aware of the outcome of the case. The record reflects that, on May 6, 2009, the defendants' attorney filed a motion to withdraw from representing the defendants. However, there is no indication the circuit court ruled on the motion, and the record reflects that the attorney continued to represent the defendants up to and including the proceedings on September 10, 2009.

In *Kalabogias v. Georgou*, 254 Ill. App. 3d 740, 627 N.E.2d 51 (1993), this court observed that "[w]hile the right to the effective assistance of counsel is firmly grounded in our criminal jurisprudence [citation], no such right exists on the civil side." *Kalabogias*, 254 Ill. App. 3d at 750, citing *Strickland v. Washington*, 466 U.S. 668, 80 L. Ed. 2d 674, 104 S. Ct. 2052 (1984). In *People v. One 1999 Lexus*, 367 Ill. App. 3d 687, 855 N.E.2d 194 (2006), the Second District Appellate Court concluded that, because a forfeiture action was civil, it was doubtful that a claim of ineffective assistance of counsel would be viable. *One 1999 Lexus*, 367 Ill. App. 3d at 693. However, as noted by the Second District, the Fourth District Appellate Court has extended the right to the effective assistance of counsel to various types of civil actions. *One 1999 Lexus*, 367 Ill. App. 3d at 693, citing *In re Carmody*, 274 Ill. App. 3d 46, 56-57, 653 N.E.2d 977 (1995).

This court is not bound to follow the decision of another district when our own district has made a determination contrary to that of another district or there is a split of authority among the districts. *Czarobski v. Lata*, 371 Ill. App. 3d 346, 351, 862 N.E.2d 1038 (2007). Moreover, the authorities Ms. Udoh relies on are all criminal cases, and she does not maintain that she has a statutory right to counsel in this case. See *In re J.C.*, 163 Ill. App. 3d 877, 891, 516 N.E.2d 1326

(1987) (while juvenile proceedings are civil in nature, a juvenile's right to counsel is provided by statute and implicit in that right is that counsel's representation be effective).

We conclude that Ms. Udoh's claim of ineffective assistance of counsel has no merit.

## CONCLUSION

The judgment of the circuit court is affirmed.

Affirmed.

GARCIA and PATTI, JJ., concur.