2020 IL App (1st) 200371-U
No. 1-20-0371
Order filed December 28, 2020

First Division

**NOTICE:** This order was filed under Supreme Court Rule 23 and may not be cited as precedent by any party except in the limited circumstances allowed under Rule 23(e)(1).

_____

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

_____

| | |
|---|---|
| THE BANK OF NEW YORK MELLON, as Trustee Successor Trustee for CIT Mortgage Loan Trust 2007-1, <br><br>      Plaintiff-Appellee, <br><br> v. <br><br> DEBORAH WILHOITE, <br><br>      Defendant-Appellant. | Appeal from the <br> Circuit Court of <br> Cook County. <br><br> No. 19 M1 720343 <br><br> Honorable <br> David A Skryd, <br> Judge, presiding. |

_____

JUSTICE HYMAN delivered the judgment of the court.
Justices Pierce and Coghlan concurred in the judgment.

**ORDER**

¶ 1      *Held*: Eviction order affirmed where record did not show appellant had a *bona fide* lease that prevented eviction.

¶ 2      The Bank of New York Mellon obtained a judgment of foreclosure on residential property and sought to evict appellant Deborah Wilhoite and others who were living there. The Bank served Wilhoite by substitute service, and she appeared on her own behalf. After a hearing, the trial court entered an eviction order in the Bank's favor. Wilhoite, again representing herself, appeals, arguing

she was a *bona fide* lessee and, under section 9-207.5(a) of the Code of Civil Procedure (Code), the Bank could not evict her until her lease expired. We must affirm. The record fails to support Wilhoite's argument that she was *bona fide* lessee, and the trial court's eviction order was not against the manifest weight of the evidence.

¶ 3                                    Background

¶ 4      In 2017, the Bank obtained a judgment of foreclosure against the owner of property. On December 20, 2019, the Bank filed an eviction complaint against Wilhoite and others living in the house. (Only Wilhoite is a party to this appeal.) Wilhoite was served by substituted service and appeared on her own behalf and applied for a waiver of court fees, which the trial court granted. After a hearing, the trial court entered an eviction order in the Bank's favor, ordering Wilhoite to move out by February 27, 2020. Wilhoite filed a timely notice of appeal.

¶ 5                                    Analysis

¶ 6      As a preliminary matter, we address the Bank's contention that we should strike Wilhoite's brief and dismiss her appeal because she did not comply with the requirements of Supreme Court Rules 341(h) and 342. See Ill. S. Ct. Rs. 341(h) (eff. Dec. 13, 2005) and 342 (eff. Oct. 1, 2019).

¶ 7      Rule 341 requires the parties to present a clear and orderly argument so the reviewing court may ascertain and dispose of the issues involved. *Collier v. Avis Rent A Car System*, *Inc.*, 248 Ill. App. 3d 1088, 1095 (1993). A reviewing court may dismiss an appeal where the appellant's brief fails to comply with supreme court rules. *Id.* at 1095.

¶ 8      While we agree that Wilhoite's brief fails to comply with Rule 341(h) in many respects, we also are mindful of the challenges Wilhoite faces in representing herself on appeal. Although self-represented status does not excuse compliance with the appellate procedures established by supreme court rules, *Coleman v. Akpakpan*, 402 Ill. App. 3d 822, 825 (2010), dismissal of an

appeal for Supreme Court Rule violations should be the last resort in extreme situations where meaningful review of the issues is impossible.

¶ 9 Here, the brief does not cite legal authority in its Point and Authorities or reference page numbers in the brief, as required by Rule 341(h)(1). The brief also lacks a statement of the issues presented for review and the applicable standard of review, as required by Rule 341(h)(3). And the section entitled "Statement of Facts," consists almost entirely of a discussion of the history of the case before this court rather than before the trial court, and does not cite to the record.

¶ 10 Likewise, Wilhoite brief fails to comply with Rule 341(h)(7), which requires the appellant's brief to include an argument section "contain[ing] the contentions of the appellant and the reasons therefor, with citation of the authorities and the pages of the record relied on." Ill. S. Ct. Rule 341(h)(7) (eff. Feb.6, 2013). Wilhoite does not cite cases supporting her contentions and fails to cite to pages of the record. Wilhoite's brief also does not contain an appendix as required by Illinois Supreme Court Rule 342. Ill. S. Ct. R. 342 (eff. Oct. 1, 2019).

¶ 11 Violation of the rules, however, does not divest us of jurisdiction, but rather serves as an admonishment to the parties. *Brown v. Brown*, 62 Ill.App.3d 328, 332 (1978). We retain the discretion to consider the merits of the appeal, where (i) the brief sufficiently apprises us of the arguments (see *Young v. City of Centreville*, 169 Ill.App.3d 166, 169 (1988)), (ii) the facts necessary to understand the issue are relatively straight-forward (*In re Marriage of Burke*, 185 Ill. App. 3d 253, 255 (1989)), and (iii) the interest of judicial economy are best served by addressing the issues. See *Zadrozny v. City Colleges of Chicago*, 220 Ill. App. 3d 290, 293 (1991).

¶ 12 Despite the deficiencies, the facts are straight-forward, and Wilhoite's brief sufficiently apprises us of her argument. Wilhoite contends she had a *bona fide* lease that precluded her from

being evicted until her lease expired. In the interest of judicial economy, we will consider her arguments.

¶ 13                                     Standard of Review

¶ 14    In determining whether the trial court erred in entering an eviction order under the Forcible Entry and Detainer Act (735 ILCS 5/9-101 *et seq.*), the standard of review is whether the ruling was against the manifest weight of the evidence. *Wendy & William Spatz Charitable Foundation v. 2263 N. Lincoln Corp.*, 2013 IL App (1st) 122076, ¶ 27. To be against the manifest weight of the evidence, it must appear from the record that the opposite conclusion is clearly evident or that the findings of fact are unreasonable, arbitrary, and not based on any of the evidence. *Id*.

¶ 15                                     *Bona Fide* Lease

¶ 16    Wilhoite contends the trial court's eviction order was against the manifest weight of the evidence because she has a "*bona fide* lease" for one year that began on August 1, 2019, and section 9-207.5(a) of the Code applies to protect her from eviction until after the lease expired.

¶ 17    Section 9-207.5(a) provides that a party who receives a property via foreclosure may not pursue a forcible entry and detainer suit against a *bona fide* lessee until the lease has expired:

> "A mortgagee, receiver, holder of the certificate of sale, holder of the deed issued pursuant to that certificate, or, if no certificate or deed was issued, the purchaser at a judicial sale under Section 15-1507 of this Code, who assumes control of the residential real estate in foreclosure, as defined in Section 15-1225 of this Code, may terminate a *bona fide* lease, as defined in Section 15-1224 of this Code, only: (i) at the end of the term of the *bona fide* lease, by no less than 90 days' written notice or (ii) in the case of a *bona fide* lease that is for a month-to-month or week-to-week term, by no less than 90 days' written notice." 735 ILCS 5/9-207.5(a) (West 2018).

¶ 18     Relevant here, under section 15-1224(a)(4) of the Code, the term "*bona fide* lease" means a lease of a dwelling unit in residential real estate in foreclosure for which either (i) the lease was entered into or renewed on or before the date of the filing of the *lis pendens* on the residential real estate in foreclosure under Section 2-1901 of this Code or (ii) the lease was entered into or renewed after the date of the filing of the *lis pendens* on the residential real estate in foreclosure and before the date of the judicial sale of the residential real estate in foreclosure, and the term of the lease is for one year or less. 735 ILCS 5/15-1224(a)(4) (West 2018).

¶ 19     Thus, the central question: Does Wilhoite have a *bona fide* lease for the property. If she does, then the Bank could not have pursued its forcible entry and detainer suit against her until her lease expired.

¶ 20     The Bank argues Wilhoite has forfeited her argument regarding the lease because it is unsupported by the record on appeal and is unsupported in her brief by relevant legal authority. Forfeiture aside, the Bank argues the trial court did not err in entering an eviction order because Wilhoite did not have a "*bona fide* lease" under section 15-1224 because it was entered into in August 2019, almost two years after the court confirmed the judicial sale and the judicial deed was executed.

¶ 21     We agree that Wilhoite's argument is not supported by the record on appeal, which does not include a copy of a lease. Wilhoite attempts to supplement the record by including a copy of a lease as an exhibit. This is not the proper method of supplementing the record. See, *e.g.*, *Pikovsky v. 8440-8460 North Skokie Boulevard Condominium Ass'n, Inc.*, 2011 IL App (1st) 103742, ¶ 16 ("a reviewing court will not supplement the record on appeal with the documents attached to the appellant's brief on appeal as an appendix, where there is no stipulation between the parties to

supplement the record and there was no motion in the reviewing court to supplement the record with the material").

¶ 22    An appellant has the burden to present a sufficiently complete record to support his or her claim of error. *Foutch v. O'Bryant*, 99 Ill. 2d 389, 391-92 (1984). In the absence of a complete record, we must presume the trial court's order conformed with the law and had a sufficient factual basis. *Id*. at 392. "Any doubts which may arise from the incompleteness of the record will be resolved against the appellant." *Id*. Wilhoite has failed to provide a complete record by including a copy of her purported *bona fide* lease. Thus, we must presume that the trial court's eviction order conformed with the law and had a sufficient factual basis.

¶ 23    Even if we were to consider the document Wilhoite attached as an exhibit, it does not support her argument that the Bank could not begin eviction proceedings until after August 1, 2020. The lease document is dated August 1, 2019, on its face more than two years *after* the judicial sale and, thus, fails to meet the requirements of a *bona fide* lease under section 15-1224 of the Code. 735 ILCS 5/15-1224 (West 2018).

¶ 24    Affirmed.